124 So.2d 878 (1960)
Jacob M. RACHLEFF, doing business as Jake's News Stand, Appellant,
v.
Lacy MAHON, Jr., Solicitor of the Criminal Court of Record in and for Duval County, Florida, Appellee.
No. C-33.
District Court of Appeal of Florida. First District.
November 29, 1960.
Rehearing Denied December 20, 1960.
*879 Arthur J. Gutman, Jacksonville, for appellant.
Lacy Mahon, Jr., Jacksonville, for appellee.
MASON, Associate Judge.
This is an appeal from a declaratory decree of the Circuit Court of Duval County, which adjudicated certain magazines obscene under Ch. 847, F.S., 1959, F.S.A. Appellee as County Solicitor of Duval County filed a petition in the Circuit Court under the provisions of this statute to have the Court determine whether certain magazines and periodicals being sold and distributed by appellee were in fact obscene, it being the duty of the County Solicitor to prosecute persons selling and distributing obscene magazines and periodicals. The statute referred to makes it unlawful, among other things, for any person to possess, sell, distribute, show or transmit any obscene book, magazine, periodical, pamphlet, etc., or any form of reproduction or any representation devoted principally to the presentation and exploitation of illicit sex, passion, depravity or immorality. The statute further provides that it shall not apply to any periodical or other printed matter having United States second class mailing privileges, or to any periodical or printed matter which may be legally sent through the United States mail, until such time as the same has been determined by a court of competent jurisdiction of this state *880 to be obscene, and authorizes the County Solicitor of any county in which the sale or distribution of such material occurs to institute a declaratory proceeding to have the Court determine whether it is in fact, obscene. If it is declared obscene then any person thereafter possessing such periodical or printed matter is subject to prosecution and punishment under the statute. The appellee listed twenty-six periodicals and magazines which he alleges the appellant was distributing and selling in Duval County, ranging in name from "Shape", "Sizzle", "Harem", "Exotic Adventures", to "Wolf Bait", and "Feminine Form". Appellee alleges that such periodicals were in fact, obscene, but that he was unable to determine whether they could be legally sent through the mails within the meaning of Chapter 847, and that he could not prosecute defendant criminally until and unless the Court declared such magazines and periodicals to be obscene. Upon application by appellant for a more definite statement the appellee furnished a list of the issues of such periodicals and magazines complained of, and they were made a part of the complaint as Exhibits A to Z. No application was made by either party for a jury trial and the matter was heard by the Court, sitting both as judge of the law and facts. At the trial evidence was offered by appellee to prove possession and sale by the appellant of the periodicals and magazines in question.
No testimony was presented by appellee to prove contemporary community standards by which the obscene character of the publications could be judged. Appellant offered no evidence on the issue of obscenity. At the conclusion of the hearing, the Court entered its order holding twenty of the publications in question obscene, and six not obscene.
No jury trial having been requested, the trial judge held that  sitting as trier of the facts  he applied the test of obscenity set forth in the case of Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1311, 1 L.Ed.2d 1498, of "* * * whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest * * *", and concluded the twenty publications obscene when measured by that test.
Appellant has raised several points on this appeal, the first of which is that the lower court erred in not dismissing the complaint for failure to state a cause of action because it alleged only that the publications attached to the complaint as exhibits were obscene without alleging any facts to support the conclusion. We do not think this point well founded. The term "obscene" has a definite connotation and to allege that a certain printed matter is obscene is to plead not only a conclusion of law, but also of fact, and when the publication complained of is attached to and made a part of the complaint as were the ones involved here, this is sufficient to state a cause of action as against a motion to dismiss. It is for the trier of the facts  in this case the trial judge  to determine whether or not the publications are in fact obscene. State v. Clein, Fla., 93 So.2d 876, and cases cited therein. We agree with the trial court that the proper test of obscenity is that set forth in the Roth case, supra.
Appellant next contends that the lower court erred in not dismissing the complaint because the alleged publishers of the publications were not joined as parties defendant. We hold with the trial court that although under the Declaratory Decree Statute, F.S., Ch. 87.10, F.S.A., such publishers might have been proper parties to the proceeding, they are not necessary and indispensable parties. Under the very terms of the statute, Ch. 847.01(1) (c), an adjudication that the publications in question are obscene does not affect the "rights" of such publishers, for prosecution under the statute can operate only prospectively, and not retroactively, as of the time of such adjudication. Furthermore, the provisions of Ch. 87.10 by their very terms preclude prejudice to the rights of *881 persons not parties to the proceedings. We cannot see how the joinder of such publishers was necessary to determine the issue of obscenity, or the right of appellant to possess, sell or distribute the publications. And, finally, if the publications are found to be in fact obscene neither the appellant nor such publishers would have any "rights" in such publications for any ownership of or dealing with them would be illegal. And if found not obscene, the whole issue becomes moot.
A third point raised by appellant is the refusal of the trial court to require appellee to answer certain interrogatories. These interrogatories sought to elicit from appellee a statement concerning each publication as to which page, section or part thereof he directed the allegation of obscenity in the complaint. The trial court held that inasmuch as the standard to be applied by the Court in determining the obscene character of the publications requires consideration of each publication in its entirety, and that the publication speaks for itself as to whether it was or was not obscene, there was no obligation on the part of the County Solicitor to say that a particular section, page or part of the publication is obscene. We hold that the trial judge was correct in his ruling in this respect and that the point is not well taken. See Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498, where the Supreme Court of the United States held that the test of obscenity is the effect of the whole publication, not merely an isolated excerpt therefrom, upon the average person of the community, and not upon particularly susceptible persons.
Appellant complains that the issues of fact in this case were tried by the judge without a jury and seems to contend that the absence of a jury determination of these issues permeates the decree with invalidity and amounts to a denial to him of due process of law. We brush this argument aside with the observation that we know of no constitutional or statutory requirement of jury trial in this kind of declaratory decree proceeding, and have not been cited any by appellant. Jury trial of issues under the Declaratory Decree Statute, F.S., Ch. 87, F.S.A., is permissive, but not mandatory, in certain instances, Sec. 87.08. Furthermore, the record is devoid of suggestion that appellant ever applied for and was denied a jury trial of the issues, if he desired one. He is, therefore, in no position to argue that the case was not heard before a jury.
Appellant next contends that the decree finding that certain of the publications were obscene should be reversed because no testimony of witnesses was offered to show what were the contemporary community standards in Duval County at the time by which the obscene character of the publications could be judged by the trier of the facts  in this instance, the trial judge. We hold that it was the province of the judge, as trier of the facts, to apply to the publications what he determined to be the common conscience of the community and arrive at the decision as to whether or not they were in fact obscene. In this case the Court had in evidence the publications themselves and it was his responsibility to determine if they in fact appealed to prurient interest, judging each publication in its entirety.
Counsel for appellant cites the concurring opinion of Mr. Justice Frankfurter in the case of Smith v. People, 361 U.S. 147, 80 S.Ct. 215, 225, 4 L.Ed.2d 205, as authority for his position that there must be oral testimony proving what are the prevailing or contemporary community standards to determine what constitutes obscenity. In that case the Supreme Court of the United States struck down as unconstitutional (as in violation of the Fourteenth Amendment) an ordinance of the City of Los Angeles, California, which made it unlawful for a bookseller to have obscene material in his possession irrespective of lack of knowledge on his part of the obscene character of such material. The Court held that the ordinance was invalid because it dispensed with the essential element of *882 "scienter", which the Court held was indispensable to a valid limitation on freedom of speech or press. The Court there did not reach the issue of obscenity, but disposed of the case exclusively by sustaining the appellant's claim that the "liberty" protected by the due process clause of the Fourteenth Amendment precludes a state from making the dissemination of obscene books an offense merely because a book in a bookshop is found to be obscene without some proof of the bookseller's knowledge touching the obscenity of its contents. Mr. Justice Frankfurter observed in his concurring opinion that he would reverse for the additional reason that the lower court excluded appropriately offered testimony through expert witnesses regarding the prevailing literary standards and the literary and moral criteria of the community by which books are to be judged as to obscenity. However this, being a concurring opinion, is not a part of the law of the case. But even there Mr. Justice Frankfurter recognized that it was the trier of the facts who in finality must determine the obscene character of the publications from the publications themselves, for he said:
"Of course, the testimony of experts would not displace judge or jury in determining the ultimate question whether the particular book is obscene, any more than experts testifying to the state of the art in patent suits determine the patentability of a controverted device."
Inferentially, it is to be noted in the case which we are now called upon to review appellant, in the court below, did not offer any testimony at all on the issue of obscenity with reference to this question of contemporary community standards, so we are not called upon to decide the same point commented upon by Mr. Justice Frankfurter in the Smith case.
Appellant argues that for the Court as trier of the facts to determine their obscene character solely from an examination of the publications, without the benefit of outside testimony, is to make of himself both judge and witness. This is no more so than for the jury in a criminal case where one is charged with an aggravated assault to conclude that the weapon involved is a deadly weapon solely from an examination of the weapon itself. Yet no one would argue that it would be necessary in such case for the prosecution to offer oral testimony as to its deadly character. We hold that the trial judge did not commit error in refusing to enter judgment or decree for the defendant upon the close of appellee's case, and that he was within his province in determining the obscene character of the publications from an examination of the publications themselves, and that it was not essential that oral testimony as to what were contemporary community standards be offered to prove the obscenity of the publications involved.
Finally, appellant contends that in holding these particular publications obscene the trial court has denied to him the right of free speech and press guaranteed to him by the Fourteenth Amendment under its due process clause applicable to State action. He attempts a distinction between obscene material that is what he terms "hard-core pornography" and other unspecified, apparently permissible, obscenity. As the exhibits are not a part of the record before this Court we do not have the benefit (if that be the proper word) of their examination to determine just what appellant means. However, that does not matter for as a reviewing forum we could not substitute what may be our opinion as to their obscene character for that of the trial judge, the trier of the facts. Our examination of the statute leads us to conclude that the term "obscene" as used in it is not so limited to so-called "hard-core pornography", but covers any material which is devoted not only to the presentation and exploitation of illicit sex, but also passion, depravity or immorality. But be that as it may, the trial court  the trier of the facts  has concluded that as to twenty of the twenty-six publications under attack, *883 twenty of them are obscene in that the dominant theme of the material taken as a whole appeals to the prurient interest, that is to say arouses lascivious or lustful thoughts in the mind of the average person, when judged by present day standards of the community. And with his finding there is nothing in this record that would cause us to disagree. No citation of authorities is needed in support of the assertion that no person has any right under the guise of freedom of speech or press to possess, sell or distribute obscene material, for obscenity has never enjoyed the protection of either the State or Federal Constitutions. But see Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 and cases therein cited.
We find no error in the decree of the learned trial judge here attacked, and finding none, it is affirmed.
Affirmed.
STURGIS, Acting C.J., and CARROLL, DONALD K., J., concur.