PER CURIAM.
In case #61-660, appellant Gerstein seeks review of an order denying his motion for *9 ia summary decree in an action seeking-to have the hook “Pleasure Was My Business” declared obscene within the meaning of § 847.01, Fla.Stat., F.S.A. It should he noted that we are not here called upon to decide the effect on this or similar cases of Chapter 61-7, Laws of Florida, Regular Session, 1961, which was passed while this action was pending and which repealed § 847.01, Fla.Stat., 1959.
The trial court stated in its order that it was prevented from entering a summary decree by the presence of a genuine issue of material fact, the obscene character of the book, which it felt should be judged by the court sitting as a trier of fact upon the presentation of testimony of expert witnesses to establish and prove the contemporary community standards in Dade County by which obscenity should be measured.
The determinative question here is . whether the trial court erred in denying the state’s motion for summary judgment. We hold that it did not.
It was within the province of the court, as trier of the facts, to determine the contemporary community standards by which obscenity should be measured and apply them to the questioned publication. It was equally within its province to seek aid, in the form of expert testimony, in making this determination. See State v. Clein, Fla.1957, 93 So.2d 876; Rachleff v. Mahon, Fla.App.1960, 124 So.2d 878.
In case #61-661, appellant Tralins contends that it was error for the trial court to deny his motion for a jury trial on the issue of obscenity.
This action was equitable in nature, styled on the chancery side, and sought a declaratory decree. We affirm the denial of appellant’s motion for a jury trial on the authority of Rachleff v. Mahon, supra, at p. 881, 124 So.2d at p. 881, where the court said:
“We know of no constitutional or statutory requirement of jury trial in this kind of declaratory • decree proceeding * * *. Jury trial of issues under the Declaratory Decree Statute, F.S., Ch. 87, F.S.A., is permissive, but not mandatory, in certain instances, Sec. 87.08.”
See also Olins, Inc. v. Avis Rental Car System of Florida, Fla.App.1961, 131 So.2d 20.
Affirmed.