151 So.2d 19 (1963)
S. Robert TRALINS, for himself, and "Pleasure Was My Business," as a book, Appellant,
v.
Richard E. GERSTEIN, as State Attorney, Appellee.
No. 62-370.
District Court of Appeal of Florida. Third District.
March 19, 1963.
Rehearing Denied April 3, 1963.
Howard Dixon, Tobias Simon, Miami, Richard Yale Feder, Miami Beach, and Daniel L. Ginsberg, Miami, for appellant.
*20 Richard E. Gerstein, State Atty., Glenn C. Mincer and Joseph Durant, Asst. State Attys., Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
Before HORTON, BARKDULL and HENDRY, JJ.
HORTON, Judge.
Appellant, defendant below, seeks review of an adverse final decree finding the book, "Pleasure Was My Business," to be obscene and condemned by the Florida Statutes, and enjoining its publication or dissemination. We affirm.
On March 6, 1961, the appellee, as state attorney, filed a complaint for declaratory decree under the provisions of Chapter 87, Fla. Stat., F.S.A., and the then applicable statute relating to obscene literature § 847.01, Fla. Stat., F.S.A., 1959. The complaint sought a determination of whether or not the subject book was, as a matter of law, obscene, and such other relief as the court might deem meet and proper. Subsequently, the Legislature of the State of Florida repealed § 847.01, supra, and simultaneously enacted § 847.011, Fla. Stat., F.S.A., 1961, to become effective May 5, 1961. Section 847.01, supra, contained a provision authorizing state's attorneys to institute declaratory judgment proceedings to determine whether printed matter be obscene. However, § 847.011, supra, contained no such provision. On June 8, 1961, appellee was allowed to amend his complaint to reflect the enactment of § 847.011 supra. As amended, the complaint alleged, inter alia, that this new statute had no effect on the status, rights, powers, duties or liabilities of the parties which would affect the determination of this controversy. Ultimately the cause came on for final hearing, and after reading the subject book and considering the testimony of the witnesses and the oral argument of counsel, the chancellor entered the final decree appealed, saying:
"Applying the test laid down by our Appellate Courts and by the Florida Statutes, whether to the average person, applying contemporary community standards, the dominant theme of the material, taken as a whole, appeals to prurient interest, it is the opinion and finding of this Court that the defendant-book is offensive to the common conscience of this community measured by present day moral standards of this community and is an obscene book condemned by the Florida Statutes."
The appellant contends that the repeal of § 847.01, supra, and its replacement by § 847.011, supra, while this suit was pending ousted the circuit court of jurisdiction since the latter statute does not make provision for the granting of declaratory relief in such cases. We find this contention to be without merit.
We have examined the record and found that, regardless of the effect on this suit of the repeal of § 847.01 and simultaneous enactment of § 847.011, the allegations of the complaint and the evidence offered in support thereof are more than sufficient to bring this suit within the jurisdiction of the court under the provisions of the declaratory judgment act, Chapter 87, Fla. Stat., F.S.A.
Appellant further contends the trial court erred in finding the subject book to be obscene. We disagree.
Since obscenity has never enjoyed the protection of either the Federal or State Constitutions, no person has the right, under the guise of freedom of speech or press, to possess, sell or distribute obscene material. See Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498, and numerous cases cited therein; see also Rachleff v. Mahon, Fla.App. 1960, 124 So.2d 878. The test of obscenity is whether to the average person, applying contemporary community standards, the dominant theme of the material, taken as a whole, appeals to the prurient interest, that is to say *21 arouses lascivious or lustful thoughts. Roth v. United States, supra; Rachleff v. Mahon, supra; see also § 847.011, supra. It is for the trier of the facts to determine the contemporary community standards by which obscenity should be measured and, applying these standards and the test set forth above, to determine whether or not a given publication is in fact obscene. Gerstein v. "Pleasure Was My Business," Fla.App. 1961, 136 So.2d 8; Rachleff v. Mahon, supra; State v. Clein, Fla. 1957, 93 So.2d 876. An appellate court will not substitute its judgment on these questions for that of the trier of fact absent a compelling reason to do so apparent in the record. See Rachleff v. Mahon, supra.
Reverting to the case at bar, the trier of fact, in this instance the trial court, examining the evidence as a whole, applied the proper test and concluded that the subject book was obscene. There is nothing in this record that would cause us to disagree with its conclusion.
Accordingly, the final decree appealed is affirmed.
Affirmed.