PER CURIAM.
After this appeal was briefed this court set the cause for a preliminary argument on jurisdiction.
The suit was brought by the state attorney in Dade County, under chapter 847, Fla.Stat., F.S.A., the Florida obscenity statute, to enjoin sale and distribution of the book, “Tropic of Cancer,” authored by Henry Miller and published by the appellant *178 Grove Press, Inc. In a final decree which granted an injunction the chancellor passed directly on the validity of said chapter 847.[1]
Appellant assigned as error the court’s ruling with reference to the statute and argued the point in the brief. Thereafter, appellant abandoned and disclaimed the point regarding the statute.[2] Later, the parties to the appeal entered into a stipulation for the same purpose.[3]
Under Article V, § 4(2) of the Florida Constitution, F.S.A., appeals proceed directly to the Supreme Court in designated instances including “final judgments or decrees directly passing upon the validity of a state statute.”
In the case of City of Miami v. Steckloff, Fla.1959, 111 So.2d 446, in an appeal from such a decree, in which the appellant failed to seek review of “the aspect of the decree passing on the statute,” the Supreme Court held the appeal could not be taken directly to that court, and that jurisdiction of the appeal was in the district court. And a decree which passes on validity of a statute may not be adequate to authorize direct appeal to the Supreme Court where the party’s challenge of the statute in the trial court was frivolous or not genuine. City of Miami v. Steckloff, supra. The validity of the statute on which the instant case was based had been established recently by the Supreme Court. Tracey v. State, Fla.1961, 130 So.2d 605.
Here the appellant contended that by withdrawing the point relating to validity of the statute its appeal had been brought within the authority of the Steckloff case, with the result that jurisdiction was properly in the district court. On behalf of the state it was argued that the question of the validity of the statute was inseparable, and was inherent in the appeal.
 In the situation presented, it is by no means clear whether jurisdiction of the appeal is in the Supreme Court or is in this court. Therefore, we are providing for transfer of this appeal to the Supreme Court pursuant to a policy which we deem appropriate, that when an appeal lodged here is one as to which our jurisdiction is doubtful and in which there is presented a close question as to whether the jurisdiction is in the Supreme Court or in this court, an order of transfer should be made under rule 2.1(a) (5) (d), F.A.R., 31 F.S.A., in order that the Supreme Court as the paramount court may have early and timely opportunity to determine the question of its jurisdiction, to the end that the appeal may be heard and decided expeditiously in the proper appellate forum.
Whereupon, this court, as authorized and empowered by rule 2.1(a)(5) (d), F.A.R., directs that the notice of appeal and all other papers filed prior to May 7, 1963, shall on that date be transferred to the Supreme Court of Florida.
It is so ordered.

. Regarding the statute the decree stated:
“The Court further finds that Chapter 847 F.S. is not unconstitutional nor in violation of the Thirteenth Declaration of Rights of the Florida Constitution nor by the First Amendment to the Constitution of the United States.”

. The disclaimer provided: “Appellant withdraws and disclaims any ground of the appeal in the above matter dealing with the unconstitutionality of F.S. 847.-011, reserving other grounds of appeal raised.”

.The stipulation contained the following:
“1. That the appellant’s issue presented to the Court relating to the constitutionality of Section 847.011, Florida Statutes, is disclaimed not alive and is withdrawn from review.
“2. That the issue will not be considered in this cause and is without merit.
“3. That pursuant to and in consideration of the above, the appellee withdraws its motion to strike appellant’s disclaimer.”