156 So.2d 537 (1963)
GROVE PRESS, INC., a New York corporation, Appellant,
v.
The STATE of Florida ex rel. Richard E. GERSTEIN, as State Attorney for the Eleventh Judicial Circuit of Florida, and Whelan Drug Co., Inc., a Florida corporation, Appellees.
No. 62-710.
District Court of Appeal of Florida. Third District.
September 17, 1963.
*538 Tobias Simon, Miami, Irma Robbins Feder, Richard Yale Feder, Miami Beach, for appellant.
Richard W. Ervin, Atty. Gen., and Herbert P. Benn, Asst. Atty. Gen., Richard E. Gerstein, State Atty., and Joseph Durant and George Orr, Asst. State Attys., for the State.
Shapiro & Fried, Miami Beach, for Whelan Drug Co.
Before BARKDULL, C.J., and CARROLL and HORTON, JJ.
CARROLL, Judge.
Proceeding under the Florida obscenity statute, Chapter 847, Fla. Stat., F.S.A., the state attorney sought and obtained an injunction with reference to the book "Tropic of Cancer," written by Henry Miller, restraining the defendant dealer and the intervenor, the publisher Grove Press, Inc., from selling and distributing the book here and from bringing it into this state. The publisher answered denying obscenity and contending the statute violated state and federal constitutional guarantees of due process of law and freedom of speech. The question of the obscenity of the book under the statute was submitted to a jury which found it obscene, prompting the final decree from which the intervenor-publisher appealed.
A holding that the statute was valid made the decision one appealable to the Supreme Court.[1] In assignments of error and in its brief, in addition to contending the finding of obscenity was against the weight of the evidence, the appellant challenged the chancellor's ruling on the validity of the statute and contended the statute as applied to the publication was unconstitutional. But prior to argument appellant withdrew its claim of invalidity and unconstitutionality of the statute. This court, being uncertain as to the effect of that action of the appellant upon the appellate jurisdiction of the Supreme Court, transferred the appeal to that court. 152 So.2d 177. *539 The Supreme Court ruled against jurisdiction and returned the case. Thereafter, this court considered the appeal on the merits and heard argument. We now affirm the decree.
The book, "Tropic of Cancer" has been judged as to obscenity in a number of jurisdictions with differing results.[2] Generally, those courts have discussed at some length the filth which is packed into the work and in its narration of a procession of sexual episodes. We see no need to so elaborate. The test of obscenity under the Florida statute and the effect of a trial court's finding of obscenity thereunder were stated by this court in Tralins v. Gerstein, Fla.App. 1963, 151 So.2d 19, 20, as follows:
"* * * The test of obscenity is whether to the average person, applying contemporary community standards, the dominant theme of the material, taken as a whole, appeals to the prurient interest, that is to say, arouses lascivious or lustful thoughts. Roth v. United States, supra [354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498]; Rachleff v. Mahon, supra [Fla.App., 124 So.2d 878]; see also § 847.011, supra. It is for the trier of the facts to determine the contemporary community standards by which obscenity should be measured and, applying these standards and the test set forth above, to determine whether or not a given publication is in fact obscene. Gerstein v. `Pleasure Was My Business,' Fla.App. 1961, 136 So.2d 8; Rachleff v. Mahon, supra; State v. Clein, Fla. 1957, 93 So.2d 876. An appellate court will not substitute its judgment on these questions for that of the trier of fact absent a compelling reason to do so apparent in the record. See Rachleff v. Mahon, supra."
The record discloses the chancellor approached the decision on a basis which was consistent with the standard previously announced by the Florida courts and with the tests set forth in the Roth and Day cases.[3] For those reasons, and because the question of validity of the statute was waived and the decision found not to involve constitutional construction, we consider the jury's decision conclusive on the matter.[4] The finding of obscenity has not been shown by the appellant to be contrary to the law or to the manifest weight and preponderance of the evidence.
Affirmed.
NOTES
[1] The Florida Constitution, Art. V, § 4 (2), F.S.A. relating to jurisdiction of the Supreme Court, provides for appeals to the Supreme Court in certain designated instances, including "from final judgments or decrees directly passing upon the validity of a state statute or a federal statute or treaty, or construing a controlling provision of the Florida or federal constitution."
[2] See, e.g., Zeitlin v. Arnebergh (Cal. 1963), 31 Cal. Rptr. 800 (and cases cited therein at 801-802, Note 1, 383 P.2d 152); Attorney General v. Book Named "Tropic of Cancer", 345 Mass. 11, 184 N.E.2d 328; People v. Fritch, 38 Misc.2d 333, 236 N.Y.S.2d 706, rev'd 13 N.Y.2d 119, 243 N.Y.S.2d 1, 192 N.E.2d 713; McCauley v. Tropic of Cancer, 1963, 20 Wis.2d 134, 121 N.W.2d 545.
[3] Roth v. United States, (1957), 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498; Manual Enterprises, Inc. v. Day, (1962), 370 U.S. 478, 82 S.Ct. 1432, 8 L.Ed.2d 639.
[4] Cases in other jurisdictions for the most part were concerned with the question of obscenity in the legislative and constitutional sense. See cases cited in Note 2, supra.