SHARP, Judge,
dissenting in part.
I disagree with that part of the majority opinion holding that the State failed to prove that the conduct in question was obscene.
The essence of the majority’s opinion is that when a cause of action turns upon whether or not particular conduct is ob *1375 scene, and the defendant is not entitled to a jury trial, the judge or hearing officer is an incompetent trier of fact unless some evidence of the relevant community standard is presented for consideration by the tribunal.
Admittedly, evidence regarding the applicable community standard is desirable; but it is not necessary. A trier of fact be it judge or jury, is presumed to be familiar with the sensitivities of the average person in the community. United States v. 2200 Paper Back Books, 565 F.2d 556, 570 (9th Cir. 1977). While a jury consisting of a cross-section of the community might be better than a judge at measuring the standards of the community, it does not follow that a judge without extrinsic assistance is an unqualified trier of fact.
The general rule that a trial judge, sitting as a trier of fact, and without hearing any testimony regarding contemporary community standards, may apply what he has determined to be the common conscience of the community has been the law in our sister courts for some time.[1]
Absent a showing by the defense at trial that the judge trying the case is unaware of the community standards,[2] I see no reason why the trial judge or hearing officer should not be able to make the obscenity determination by examining the challenged activity and applying his own knowledge of the community standards. Trial judges, like juries, are deemed competent to know community standards and apply them in other contexts.[3] No different rule should be evolved for obscenity cases without express guidance from our two Supreme Courts.

. Rachleff v. Mahon, 124 So.2d 878, 881 (Fla. 1st DCA 1960); Testimony, expert or otherwise regarding the applicable community standard, is not necessary for a finding of obscenity. See Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973) and numerous cases cited therein.

. The appellant failed to make any such showing or even raise the objection before the hearing officer.

. W. Prosser, Law of Torts § 65, (4th ed. 1971) (reasonable man standard); 33 Fla.Jur., Trusts § 96 (1960) (prudent investor rule).