CARLTON, Justice.
Appellee Harper, as County Solicitor of Escambia County, filed a complaint for a declaratory judgment and injunctive relief against the possession and sale by appellant *881 May of four identified publications alleged to be obscene under Fla.Stat. § 847.01, F. S.A. In its Final Judgment relating to the cause, the Court of Record of Escambia County found Fla.Stat. § 847.011, F.S.A., to be constitutional insofar as it related to the sale or distribution of obscene materials. This judgment was adverse to appellant May and this appeal ensued. Our jurisdiction vests by virtue of Article V, Section 4(2), Florida Constitution, F.S.A.
There were no ex parte actions in the proceedings below. The Final Judgment arose out of a prior adversary hearing held in advance of a judicial determination of obscenity as to specifically identified publications. Recently we have described this procedure in relation to Fla.Stat. § 847.011, F.S.A., as constitutionally sound and as presenting an eminently acceptable forum for the determination of obscenity. Mitchem v. State of Florida ex rel. Schaub, 250 So.2d 883 (Fla.1971); see Kingsley Books, Inc. v. Brown, 354 U.S. 436, 77 S.Ct. 1325, 1 L.Ed.2d 1469 (1957); United States v. Thirty-Seven (37) Photographs, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971). Several community area witnesses testified as to the satisfaction of the Roth-Memoirs tests as to the specific publications, and the defense presented witnesses who entered converse opinions. See Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1959); A Book Named “John Cleland’s Memoirs of a Woman of Pleasure” v. Attorney General of Com. of Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966).
In pertinent part, the Final Judgment states:
“THIS CAUSE having come on for final hearing and the Court having heard testimony of witnesses for plaintiff and defendants and having examined the magazines admitted into evidence and having heard argument of counsel and being fully advised in the premises, it is therefore:
“ORDERED, ADJUDGED and DE-. CREED as follows:
“1. That Section 847.011, Florida Statutes, F.S.A., insofar as it relates to the sale or distribution of obscene materials, is constitutional.
“2. That the magazines, ‘Young Stuff,’ ‘Lovers No. 2/ ‘Bristles & Lace’ and ‘Busy Body,’ and each of them, as introduced into evidence, be and each of them is hereby declared to be lewd and obscene within the prohibition of Section 847.011 in that the dominant theme of each taken as a whole to the average person applying contemporary community standards appeals to prurient interests in sex and is'patently offensive because each affronts contemporary community standards relating to the description or representation of sexual matters and is utterly without redeeming social value.
“3. That the defendants, Jim E. May, Jr. and/or Pensacola News Mart, Inc., its officers, agents, servants or employees be and they are hereby permanently enjoined and restrained from selling, lending, giving away or distributing or offering to do so, any exact duplicate copy or issue of such magazines named hereinabove.”
As their first point on appeal, appellants contend that by virtue of Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967), and the summary reversals based thereon, together with Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), they may engage in the commercial sale and distribution of obscene materials so long as there is no pandering, sale to minors, or an invasion of the privacy of others by their method of operation. Appellants are clearly in error. The United States Supreme Court’s affirmances in Milky Way Productions, Inc. v. Leary, 305 F.Supp. 288 (S.D.N.Y.1969), aff’d New York Feed Co. v. Leary, 397 U.S. 98, 90 S.Ct. 817, 25 L.Ed.2d 78 (1970), and Gable v. Jenkins, 309 F. *882 Supp. 998 (N.D.Ga.1969), aff’d 397 U.S. 592, 90 S.Ct. 1351, 25 L.Ed.2d 595 (both of which were decided subsequent to Redrup and Stanley), were affirmances of cases specifically holding that no additional tests for obscenity are required beyond the Roth-Memoirs standards. Shortly after appellants’ brief was filed in this Court, the United States Supreme Court announced in United States v. Reidel, 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971), that the Court was renewing its adherence to Roth and sharply limiting its prior holding in Stanley.
Appellants also contend that the magazines are not obscene as a matter of law, but this is a contention without merit. The Roth-Memoirs tests were applied by the Court of Record after the benefit of community standards’ testimony and its judgment was reached in accordance with the law. Appellants further contend that Fla.Stat. § 847.011, F.S.A., is unconstitutional because it does not provide for a prompt final judicial determination of obscenity on appeal. Recently, we have had the occasion to answer a similar attack on another section of Chapter 847, Florida Statutes, F.S.A., in Davison v. State of Florida, Fla., 251 So.2d 841, filed July 7, 1971. For the reasons given in Davison, we find appellants’ argument to be without merit.
Appellants’ last point of argument is an assertion that inappropriate local standards were used below under the “contemporary community standards” test as given in Roth and Memoirs, supra. We have discussed this issue in Davison v. State of Florida, supra. An examination of the transcript reveals that the persons testifying as to the exhibits and their relation to the Roth-Memoirs tests, represented a wide variety of experiences relating to contemporary community standards both in the County having jurisdiction over the appellants and across the country. Thus under any view, the Judgment of the Court was supported by the evidence.
Prior to announcing our judgment, we reluctantly find that we have to reach a matter not related to the arguments of the litigants. In the process of transferring the record between the Courts involved herein, (including the District Court of Appeal, First District, in which this appeal was first lodged) the copy of the exhibit entitled “Young Stuff” was apparently misplaced. At this time, the litigants are attempting to secure another copy. Until such time as a copy of the exhibit in question is presented to this Court for consideration, we feel compelled to reserve judgment upon it, and the judgment below as to this exhibit is necessarily held in abeyance.
The Final Judgment under appeal is affirmed with exception noted above.
It is so ordered.
ROBERTS, C. J., BOYD, DEKLE and McCAIN, JJ., and JOHNSON, District Judge, concur.
ERVIN, J., dissents with opinion.