281 So.2d 600 (1973)
Balint PAPP, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 70-1077, 71-917.
District Court of Appeal of Florida, Fourth District.
August 6, 1973.
Rehearing Denied October 3, 1973.
*601 Paul F. Gerson, Miami Beach, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., Orlando, for respondent.
REED, Judge.
This is a petition for certiorari to review a decision of the Circuit Court for Orange County, Florida sitting in its appellate capacity.
This case originated with an information filed on May 20, 1970 in the Criminal Court of Record for Orange County, Florida by which the petitioner, Balint Papp, was charged with the possession of an obscene magazine with knowledge of the nature of the magazine and the intention to distribute, in violation of F.S. § 847.011(1) (a), F.S. 1969, F.S.A.
Papp was tried on 12 October 1970 by a judge sitting without a jury, a jury trial having been waived. The trial court found that the magazine in question was "obscene" under the then current judicial definitions of and constitutional limitations on the term as used in the statute under which Papp was charged. Papp was sentenced on 15 February 1971 to one year's imprisonment and a fine of $1,000.00. The conviction was affirmed on appeal to the Circuit Court for Orange County, Florida on 29 September 1971.
The petition for certiorari was filed here on 29 October 1971. Thereafter the cause was stayed in this court on 16 October 1972 pending a decision by the United States Supreme Court in an appeal from a decision by a three judge federal district court for the Middle District of Florida in the case of Meyer v. Austin, 319 F. Supp. 457 (1970). It is our understanding that that case has now been disposed of by the United States Supreme Court, and we are accordingly proceeding with the disposition of the issues raised here by the petition for certiorari.
Factually it appears from the record in this court that petitioner was unquestionably shown to have had in his possession on 1 October 1969  the date charged in the information  the magazine which gave rise to the obscenity charge. There is also no question that the possession was for the purpose of sale or distribution and that the contents and character of the magazine were known to the petitioner.
The petition for certiorari filed herein to review the decision of the Circuit Court sitting in its appellate capacity raises two points of law. The first is whether or not the material which formed the basis of the obscenity charge was as a matter of law not obscene. The second question raised by the petition is whether or not the petitioner was lawfully convicted where the state presented no "expert testimony" on the subject of the obscene quality of the magazine.
As to the first point, it would appear to us that when judged by the governing precedent at the time of the conviction, the trial court correctly decided both as a matter of fact and as a matter of law that the *602 magazine was obscene. The statute under which the petitioner was charged, § 847.011(1)(a), F.S. 1969, F.S.A., provides in pertinent part:
"A person who knowingly ... has in his possession custody or control with intent to sell ... any obscene ... magazine ... is guilty of a misdemeanor ..."
The statute defines obscenity in Subsection 10 thereof as follows:
"For the purposes of this section, the test of whether or not material is obscene is: Whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest."
The statutory definition has been amplified by decisions of the Florida Supreme Court to include the criteria for obscenity which had been developed by various opinions from the United States Supreme Court. Hence at the time of petitioner's alleged offense and trial the statutory term "obscene" meant, by reason of court decision, material which appealed to the prurient interest, was patently offensive when measured by contemporary community standards relating to the description or representation of sexual conduct, and was without redeeming social value. See South Florida Art Theaters, Inc. v. State ex rel. Mounts, Fla.App. 1969, 224 So.2d 706, 709 and citations therein set forth. When the magazine involved in the present case is gauged by the foregoing criteria, there can be no question that a jury or judge sitting as trier of fact could lawfully find the same to be obscene within the confines of § 847.011, F.S. 1969, F.S.A.
As an appellate court, however, this court must, in arriving at decisions, apply controlling precedent as it exists at the time the court is called upon to decide a given issue. See Florida East Coast Railway Company v. Rouse, Fla. 1966, 194 So.2d 260. Accordingly we must take into consideration the recent opinion by the United States Supreme Court in Miller v. California, 1973, ___ U.S. ___, 93 S.Ct. 2607, 37 L.Ed.2d 419, where the Court appears to have reached a majority position as to the First Amendment limitations on the right of a state to regulate obscene material. The Court said:
"This much has been categorically settled by the Court, that obscene material is unprotected by the First Amendment ... We acknowledge, however, the inherent dangers of undertaking to regulate any form of expression. State statutes designed to regulate obscene materials must be carefully limited ... As a result, we now confine the permissible scope of such regulation to works which depict or describe sexual conduct. That conduct must be specifically defined by the applicable state law as written or authoritatively construed. A state offense must also be limited to works which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political or scientific value."
Papp has not raised, either in this court or in the Circuit Court, the constitutionality of § 847.011, F.S. 1969, F.S.A. The constitutional issue, however, goes to the very foundation of his conviction and as a matter of right and justice (bearing in mind that Papp has been sentenced to spend one year in prison by reason of his conviction) should be taken into account by this court on the principle of fundamental error. See Sanford v. Rubin, Fla. 1970, 237 So.2d 134, 137.
It is apparent to us that § 847.011, F.S. 1969, F.S.A., does not so specifically define the sexual conduct, the portrayal of which it seeks to prohibit, as to meet the criteria established in Miller v. California, supra. Nor does it appear from our research that at the time of the offense with which Papp was charged, the statute had *603 been authoritatively construed in such manner as to provide by judicial pronouncement the necessary specificity. The statute (§ 847.011, F.S. 1969, F.S.A.), therefore, cannot be constitutionally applied to Papp because at the time of his alleged offense the statute was so broad as to interfere with First Amendment rights to freedom of speech and press.
The statute is susceptible of judicial construction by which its scope may be limited to "obscene material" as defined in Miller v. California, supra. It is our view, however, that for this court to so construe the statute and at the same time apply it to Mr. Papp's conduct which was brought into question in the courts of this state before the statute had been thus limited by judicial construction, would amount to a denial to Papp of due process of law, because at the time of his alleged offense neither the statute nor judicial construction thereof gave adequate notice of the conduct sought to be proscribed.
The statute, after the publication of this opinion, and until modified by the legislature, will be construed by this court to apply only to "obscene material" as defined in Miller v. California, supra, and as thus limited will be considered constitutional as applied to offenses occurring after the publication of this opinion. "Obscene material" as defined by Miller v. California, supra, is
"(a) Patently offensive representations or descriptions of ultimate sex acts, normal or perverted, actual or simulated.
(or)
(b) Patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals."
where such material, taken as a whole, when viewed by the average person applying contemporary community standards, appeals to the prurient interest and lacks serious literary, artistic, political, or scientific value.
As to petitioner's second point which advances the theory that a conviction for possession of obscene materials may not be had without expert testimony we hold the same to be without merit on the authority of Miller v. California, supra, and a companion case decided by the United States Supreme Court on 21 June 1973, Paris Adult Theatre v. Slaton, ___ U.S. ___, 93 S.Ct. 2628, 37 L.Ed.2d 446.
Certiorari is granted and the cause is remanded to the Circuit Court for Orange County, Florida with instructions to vacate the judgment and sentence of the trial court and order the petitioner discharged.
WALDEN and MAGER, JJ., concur.