### STATE, ex rel. STATE ATTORNEY v. GLASSMAN, et al.

No. 73-1435 CA(L)-01.

Circuit Court, Fifteenth Judicial Circuit.

August 9, 1973.

202

Carl H. Harper, Acting State Attorney, for the plaintiff.

Raymond W. Russell, Fort Lauderdale, for the defendants.

JAMES R. KNOTT, Circuit Judge.

*Temporary order:* This cause having come on for temporary hearing upon motion of the plaintiff, and the defendants Robert A. Glassman and Robert DeSalvo having been personally served with notice thereof and having appeared with counsel and produced the motion picture film entitled "Deep Throat" pursuant to this court's order of July 24, 1973, and the court having examined said film in open court and having heard testimony of plaintiff's witness, the defendants having offered no evidence or testimony, and having considered argument of counsel and the briefs filed by counsel, and being fully advised in the premises, this cause having been remanded to this court by order of the chief judge of the United States District Court, Southern District of Florida, on August 8, 1973, it is ordered and adjudged as follows —

That this court has jurisdiction of this cause and of the parties hereto.

That the defendants' motion to dismiss the complaint is denied.

That §847.011, Florida Statutes, insofar as it proscribes knowingly showing or otherwise distributing obscene materials, is constitutional, as construed by this court, in spite of the fact that subsection (8)(b) thereof authorizes an ex parte restraint and in spite of the fact that subsection (11) thereof does not specifically define the sexual conduct proscribed.

That in construing §847.011(8)(b), this court finds that the ex parte provision thereof is severable from the remainder of said statute. Reese v. State, 222 So.2d 732 (Fla. Sup. Ct. 1969). Furthermore, the plaintiff herein is not invoking the ex parte provision of said statute. May v. Harper, 250 So.2d 880 (Fla. Sup. Ct. 1971). See also South Fla. Art Theatres, Inc. v. State, ex rel. Mounts, 224 So.2d 706 (4th DCA, 1969), where an ex parte injunction was upheld because of the prompt post-injunction adversary judicial proceeding provided.

That in construing §847.011(11) in the light of Miller v. California, 13 CrL 3161 (U.S. Sup. Ct. 1973), Paris Adult Theatre v. Slaton, 13 CrL 3171 (U.S. Sup. Ct. 1973) and Heller v. N.Y., 13 CrL 3240 (U.S. Sup. Ct. 1973), this court finds that, for the purposes of said statute, the test of whether or not material is obscene is — (a) Whether the average person, applying local contemporary community standards, would find that the material, taken as a whole, appeals to the prurient interest; (b) whether the material depicts or describes, in a patently offensive way, sexual conduct specifically defined by applicable state law, as written or authoritatively construed; and (c) whether the material, taken as a whole, lacks serious literary, artistic, political or scientific value. In further construing said statute, this court finds that under part (b) above, "sexual conduct" means —

(a) Patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated, or

(b) Patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals.

That this court finds, pending final hearing herein, that the motion picture film entitled "Deep Throat" is lewd and obscene within the prohibition of §847.011 as construed hereinabove, in that the average person, applying local contemporary community standards would find that the film, taken as a whole, appeals to the prurient interest; and that it depicts or describes, in a patently offensive way, sexual conduct, to-wit — patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated, or patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals; and that taken as a whole it lacks serious literary, artistic, political or scientific value. As stated by the court in Whiting v. Roxy Ltd., Inc., 293 N.E. 2d 889, 891 (Ohio, 1973), in describing the same film, said film — "for approximately one hour, depicts (1) numerous acts of cunnilingus, (2) numerous acts of fellatio, (3) numerous acts of rectal sodomy, (4) one scene in which one man is performing cunnilingus on a female, while another male at the same time is performing rectal sodomy on the same female, (5) scenes in which a man is shown ejaculating semen in a woman's mouth . . ." Additionally, there are other scenes depicting nude males and females engaged in the act of sexual intercourse, in which the genitals of the participants are clearly exposed.

That the defendants, and each of them, their agents, servants or employees, be and they are hereby enjoined and restrained from showing the motion picture film entitled "Deep Throat" or any

204

duplicate copy thereof until final hearing herein or until further order of this court.

That the motion picture film entitled "Deep Throat", introduced into evidence herein, shall remain in the custody of the clerk of this court as evidence in this or any other proceeding arising herefrom until further order of this court.