MAGER, Judge
(concurring specially):
I wish to concur in this court’s denial of the petition for rehearing for the following reasons. This court’s opinion in *617 Papp v. State, 281 So.2d 600, Fourth District Court of Appeal, opinion filed August 6, 1973, was concerned with the validity and application of Florida’s obscenity statute to the activities of Papp, in light of the recent pronouncement of the United States Supreme Court in Miller v. California, 1973, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419. Miller stands for the proposition that state statutes designed to regulate obscene materials must specifically define the proscribed conduct either by the statute “as written or authoritatively construed”. In other words, a definition of prohibited sexual conduct under a statute may be provided by court construction of that statute.
In the Papp case this court clearly pointed out that “at the time of the offense with which Papp was charged, the statute had [not] been authoritatively construed in such manner as to provide by a judicial pronouncement the necessary specificity”. Papp’s conviction was based upon incidents occurring in 1969.
In the case sub judi-ce Basilone was charged with and convicted of violating Florida’s obscenity law based upon sales occurring in 1971. At the time of the offense with which Basilone was charged Section 847.011 had been authoritatively construed in the case of Collins v. State Beverage Department, Fla.App.1970, 239 So.2d 613, within the meaning of Miller v. California, supra. The decision in Collins, provided the necessary “fair notice to a dealer in such materials that his public and commercial activities may bring prosecution.” Miller v. California, supra.
The fact that this court, in Papp, adopted the definition of “obscene material” as suggested by the opinion in Miller v. California was not a determination that there had been no prior judicial definition. In my opinion, limiting the application of Sec. 847.011 to those activities as defined in Papp was merely an effort by this court to provide a more authoritative construction of Section 847.011 and was not intended to overrule authoritative judicial constructions previously given that statute and which might be applicable to other factual circumstances.
The date of the occurrence of the offense in the case sub judice is materially significant so as to render our decision in Papp v. State inapplicable; the decision in Collins v. State Beverage Department, supra, is controlling.