ERVIN, Justice
(dissenting):
Our statute, Fla.Stat. § 847.04, is unlike the New Hampshire statute upheld in Chaplinsky v. Hampshire (1942), 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031, or the Georgia statute which was given a postponed “death sentence” in Gooding v. Wilson (1972), 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408, depending upon the nature of a later interpretation by the Georgia Supreme Court.
Our statute, as the trial court said,
“seeks only to punish spoken words. The statute can stand therefore only if it is limited in application to spoken words that have a direct tendency to cause acts of violence by the person to whom, individually, the words are addressed.” (Emphasis supplied.)
In the New Hampshire statute these words are added: “with intent to deride, offend or annoy him, or to prevent him from pursuing his lawful business or occupation.”
In the Georgia statute held unconstitutional in Gooding v. Wilson, supra, the following supplementary language appears: “tending to cause a breach of the peace . . . shall be guilty of a misdemeanor.”
No such limiting or qualifying language appears in our statute rendering it either presently or potentially nonviolative of the constitutional guarantee of free speech when and if finally so construed by the state supreme court.
There is no predicate in our statute which affords any curative basis for this Court to uphold the Florida statute as the Supreme Court of the United States stated in Gooding might later be done by the Supreme Court of Georgia with regard to the Georgia statute.
There are no saving words in our statute upon which this Court can honestly state it is inoffensive to the First and Fourteenth amendments. There was such a basis in the New Hampshire and Georgia statutes. Only by a bald judicial amendment similar to a legislative enactment can the statute be said not to violate freedom of speech. There is nothing in the statute to indicate it is limited to “fighting” words.
However, should this Court amend the statute judicially anyway, the Appellee should not be held to be on notice retroactively of the majority’s legislative amendment herein giving the statute a curative interpretation ex post facto well after commission of the alleged offense. Compare Papp v. State (Fla.App.1973), 281 So.2d 600.
CARLTON, C. J., concurs.