298 So.2d 406 (1974)
STATE of Florida ex rel. Richard E. GERSTEIN, As State Attorney for the Eleventh Judicial Circuit of the State of Florida, Appellant,
v.
WALVICK THEATRE CORPORATION, d/b/a King Theatre and/or King Cinema Theatre, and a Motion Picture Entitled "the Devil in Miss Jones," Appellees.
No. 44776.
Supreme Court of Florida.
May 1, 1974.
Rehearing Denied June 14, 1974.
*407 Robert L. Shevin, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., and Leonard Rivkind, Miami Beach, for appellant.
Joel Hirschhorn, Miami, for appellees.
DEKLE, Justice.
Jurisdiction on this direct appeal from the circuit court is provided in Art. V, § 3(b)(1), Fla. Const., F.S.A., the trial court having expressly held F.S. § 847.011, F.S.A., unconstitutional.
The factual situation present here is set out in chronological order:
Sept. 8, 1973: Defendant corporation exhibited the motion picture entitled, "The Devil in Miss Jones."
Sept. 11, 1973: Theatre and one of its employees were served with process in both a criminal proceeding and an injunction proceeding under F.S. § 847.011 [F.S.A.]
Sept. 25, 1973: Criminal proceeding went to trial.
Sept. 30, 1973: Jury returned a verdict of not guilty as to the employee, but was unable to arrive at a verdict as to the corporate defendant. The criminal proceedings against the corporate defendant were nolle prosequi.

Dec. 3, 1973: State commenced prosecution of the injunction proceeding which had been filed Sept. 11, 1973, the same date on which the criminal proceeding had been filed.
Dec. 12, 1973: Trial court dismissed the injunction proceeding and declared F.S. § 847.011 [F.S.A.] unconstitutional, despite this Court's opinion in Rhodes v. State, 283 So.2d 351, filed Sept. 19, 1973, which upheld the portions of F.S. § 847.011 [F.S.A.] imposing criminal penalties, although not involving the constitutional validity of the portions of the statute providing for injunctions.
The trial court rested its decision on the grounds of due process and double jeopardy. As to the latter ground, the trial judge ruled that the injunction proceeding was punitive in nature and that the civil injunction and criminal penalty portions of F.S. § 847.011, F.S.A., were so "duplicitous" as to entail double jeopardy for a person who has been the object of proceedings under both sections for a single transaction. As to the due process ground, the trial judge ruled that the injunctive provisions of the statute are in personam in nature, and that the statute is so constructed as to allow the State to "unduly harass and litigate" against a defendant for each single transaction, each occurrence having to be tested separately and the determination by any tribunal providing no final determination of the obscenity of the material in question as against any other exhibitor.
The trial judge completely failed to deal with Kingsley Books, Inc. v. Brown, 354 U.S. 436, 77 S.Ct. 1325, 1 L.Ed.2d 1469 (1957), or May v. Harper, 250 So.2d 880 (Fla. 1971), in which we cited Kingsley Books, supra, in expressly holding the validity of the injunctive provisions of F.S. § 847.011, F.S.A.[1] This is particularly unfortunate in view of the fact that Kingsley Books is a decision of the highest court of our land which is directly on point in the instant situation. In Kingsley Books, the U.S. Supreme Court specifically stated that due process was not offended by statutory provisions allowing both criminal and injunctive *408 relief from the prescribed dissemination of obscenity. It stated:
"We need not linger over the suggestion that something can be drawn out of the Due Process Clause of the Fourteenth Amendment that restricts New York to the criminal process in seeking to protect its people against the dissemination of pornography. It is not for this Court thus to limit the State in resorting to various weapons in the armory of the law. Whether proscribed conduct is to be visited by a criminal prosecution or by a qui tam action or by an injunction or by some or all of these remedies in combination, is a matter within the legislature's range of choice. [cite omitted] If New York chooses to subject persons who disseminate obscene `literature' to criminal prosecution and also to deal with such books as deodands of old, or both, with due regard, of course, to appropriate opportunities for the trial of the underlying issue, it is not for us to gainsay its selection of remedies." (emphasis ours) 354 U.S. at 441, 77 S.Ct. at 1327.
We see no reason to rule otherwise, especially in view of the fact that F.S. § 847.011, F.S.A., was patterned after the New York statute involved in Kingsley Books. Accordingly, we hold that F.S. § 847.011, F.S.A., is not facially invalid under the Due Process Clause. The trial court ruling to the contrary was erroneous.
Nor has the appellee been subjected to double jeopardy in contravention of the constitution. We note first that the defendant-employee was not a party to the civil proceeding at the time of dismissal, having been dismissed from the action. Even had there been an acquittal of the corporate defendant, such acquittal would not constitute a bar to maintenance of the injunction proceedings. Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938). See also State v. Dubose, 152 Fla. 304, 11 So.2d 477 (1943), in which this Court held that acquittal on criminal charges did not bar a civil forfeiture action, remedial in nature, involving the same subject matter.
We reject the trial judge's position that the injunctive action was punitive, rather than remedial, in nature. Black's Law Dictionary defines "remedial" as: "intended to remedy wrongs or abuses, abate faults, or supply defects," inter alia; a "remedial statute" is defined as one designed to "redress on existing grievance, or introduce regulations conducive to the public good." "Punitive," on the other hand, is defined as: "having the character of punishment or penalty; inflicting punishment or a penalty."
The purpose of the injunction provision of F.S. § 847.011, F.S.A., is not to punish the exhibitor of a motion picture found to be obscene  the criminal penalties included in the statute provide for that function  but to remedy a public wrong, to-wit, the dissemination of obnoxious and prohibited materials.[2] Thus, the injunctive provisions are remedial, not punitive.
This leaves for consideration on this point only the portion of the statute providing for a forfeiture of the offending material found in § 847.011(7). That portion of the statute makes obscene materials contraband wherein there exist no property rights (similar to the case of moonshine, proscribed drugs and other prohibited materials), a matter within the state's power under Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973). If no property rights exist in such materials, how can the forfeiture of the material constitute a punishment? The forfeiture provisions, rather, are remedial in nature, designed to protect the public from the evils inherent in dissemination of such proscribed material by destroying the source *409 of the infection. The provisions being remedial, rather than punitive, in nature, double jeopardy principles do not bar the maintenance of the civil action after termination of the criminal proceedings under the statute.
We hold that F.S. § 847.011, F.S.A., is not unconstitutional on its face as denying due process or as violating double jeopardy principles, and that in the instant cause the State is not precluded from pursuing also the alternative and cumulative remedy of injunction which was available even had there been no criminal proceeding or had the prior criminal proceeding resulted in a verdict of not guilty.
Accordingly, the judgment of the trial court is reversed with instructions to reinstate the complaint and to proceed in a manner not inconsistent herewith. it is so ordered.
Reversed.
ROBERTS, BOYD and OVERTON, JJ., concur.
ERVIN, J., dissents with opinion, in which ADKINS, C.J., concurs.
McCAIN, J., dissents.
ERVIN, Justice (dissenting):
The majority opinion's reliance upon Kingsley Books, Inc. v. Brown, 1957, 354 U.S. 436, 77 S.Ct. 1325, 1 L.Ed.2d 1469, for upholding "doubled up" state's suppression efforts against the movie, "The Devil in Miss Jones," with both injunctive and criminal processes, overlooks the impact of the later United States Supreme Court pornography decisions in Miller v. California, 1973, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419, and Paris Adult Theatre I v. Slaton, 1973, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446.
The rationale of the holdings in Miller and Paris Adult precludes resort to injunction suppression of the movie pursuant to F.S. Section 847.011, F.S.A., under the circumstances in this case. Miller and Paris Adult require the Legislature to define the "hard core" or pornographic sexual conduct the portrayal of which is to be prohibited. F.S. Section 847.011, F.S.A., enacted in 1969 well prior to the time those two decisions were rendered, does not do it as a cursory inspection will disclose. Furthermore, Miller requires the affirmative establishment beyond reasonable doubt to a jury's satisfaction that: "The material is patently offensive in its description of sexual conduct specifically defined by the applicable state law."
The Fourth District Court of Appeal in Papp v. State, 1973, 281 So.2d 600, said:
"[3] It is apparent to us that § 847.011, F.S. 1969, F.S.A., does not so specifically define the sexual conduct, the portrayal of which it seeks to prohibit, as to meet the criteria established in Miller v. California, supra... ."
To seek to retroactively read into F.S. Section 847.011, F.S.A. 1969, the Miller criteria by judicial interpretation is nothing less than judicial legislation.
Since I have written a comprehensive opinion on the obscenity subject in a pending case, State v. Aiuppa, Fla., 298 So. 391, decided today, which sets forth the failure of existing pre-Miller Florida obscenity statutes to measure up to the Miller requirements, I will not here belabor this point further.
The Miller case guideline requiring a local jury to determine whether alleged obscene materials transgress community obscenity standards injects in obscenity case the double jeopardy principle. Once it is determined by a criminal trial jury in companion civil and criminal cases that the same material sought to be suppressed both civilly and criminally passes muster locally and is not obscene, this would appear to settle the question of obscenity in the pending injunction case. This is the position *410 taken by the trial judge in this case and I think her position is sound on the double jeopardy question.
In Kingsley Books, Inc. the holding only goes so far as to state that both criminal and injunction remedies may be sought either singly or in combination. Because of the later Miller guidelines, once there is a conclusive jury determination on the question whether the subject material is obscene under community standards that should settle the question of obscenity in the state's double suppression effort.
One further point: I think we should be hesitant to rush ahead and decide this case against Appellee because of the doubtful status of obscenity law. We should either affirm or postpone our decision because of the fact that the Supreme Court of the United States is now considering the obscenity problem further in Jenkins v. Georgia, wherein the State of Georgia's efforts to suppress the movie "Carnal Knowledge" are under review.
ADKINS, C.J., concurs.
NOTES
[1] May v. Harper, supra, and Mitchem v. State ex rel. Schaub, 250 So.2d 883 (Fla. 1971), did not involve the criminal provisions of F.S. § 847.011, F.S.A.
[2] See, generally, Exhibition of Obscene Motion Pictures as Nuisance, 50 A.L.R.3d 969.