MAGER, Judge.
The State of Florida appeals an amended final judgment entered in a civil proceeding involving the enforcement of the state’s obscenity law (Section 847.011, Florida Statutes, F.S.A.).
The State, plaintiff below, filed a complaint seeking to enjoin Samscot Enterprises, defendant below, from exhibiting certain allegedly obscene motion picture films. The complaint was filed pursuant to Section 847.011(8) (a), which section provides for a civil method of enforcing the obscenity statute. Specifically, the circuit court is vested with the jurisdiction to enjoin a threatened violation of F.S. Section 847.011, F.S.A.
In its complaint for injunction, the State sought to permanently enjoin the defendant from exhibiting or showing certain motion pictures to the public which were described as follows:
“a. The feature film was entitled ‘The Sensuous Vampire’, in color. The film throughout depicted various and numerous acts of sexual activity, including but not limited to cunnilingus, fellatio, and sexual intercourse. Close-ups of one scene after another presented said activities between male and female as well as multiple participants. In addition, certain scenes portrayed flagellation and sado-masochism. In one scene, the women turn into ‘vampires’ and close-up photography shows them engaging in fellatio upon their male ‘victims’. Oral-genital contact and penetration was prevalent throughout the entire film.
“b. Following the aforesaid film, certain short subjects or trailers were shown, the first of which was entitled ‘Guys and Dolls’. The scene showed a male and female engaging in sexual intercourse as well as fellatio and cunnilingus; the same sexual activities as described immediately hereinabove were vividly portrayed in the short subject which followed, although same was untitled.”
*71 In seeking both temporary and permanent injunctive relief the State alleged, inter alia:
“10. Plaintiff has reason to believe, and does believe, that Defendant corporation intends to continue to show and exhibit the aforesaid motion picture' films for an additional period of time unknown to Plaintiff, and that the apprehended violations of law, to-wit: the public exhibition of obscene motion picture films will be committed, thereby causing irreparable harm and injury to the public, if an immediate remedy is not afforded Plaintiff by way of temporary, and ultimately permanent, restraining order and injunction.”
The trial court issued a temporary restraining order and directed that the films in question be placed in the custody of the court pending final disposition. Ultimately, an evidentiary hearing was held which resulted in the trial court determination that the films in question were "obscene as a matter of law”. The trial court, however, did not grant any permanent injunc-tive relief presumably on the basis of the following determination as set • forth in its amended final judgment:
“4. The Court finds that the Plaintiff has failed to establish ‘threat of irreparable harm’ and that ‘unless enjoined-Defendant intends to show or exhibit said films in the future’.”
The trial court directed that the films in question be held by the court until the expiration of the time for appeal and to' be returned to defendant if no appeal was taken. The court stated that it would “retain jurisdiction of the subject matter for the purposes of determining future violations for the showing or exhibition of these films by the defendant”,.
The State takes the position in this’ appeal that having found the films in question to be obscene as a matter of law, it was error for the court to deny the State’s prayer for a permanent injunction (and ultimate destruction of the obscene material). See F.S. Section 847.011(8) (d), F.S.A. The State also contends that the trial court erred in taxing certain costs against the state and in favor-of the‘defendant.
In our opinion, when the State presented evidence as to the obscene nature of the films and the court found the films to be “obscene as a matter of law”, the state fully and adequately demonstrated its entitlement to permanent injunctive relief. We cannot concur with the trial court’s observation that the state failed to establish “threat of irreparable harm” and presumably thereby was not entitled to permanent injunctive relief. This observation appears to be inapposite to the trial court’s determination of obscenity as set forth in its amended final judgment:
“2. The Court finds based upon the testimony offered -by the Plaintiff and Defendant that said films are obscene as a matter of law, in that, to the average person, applying contemporary community standards, the dominant theme of said materials, and each of them, taken as a whole appeals to prurient interest, the materials are patently offensive because they afront (sic) contemporary community standards relating to the description or representation of sexual matters, and they are utterly without redeeming social value.”
Implicit in the very determination that the films in question were “obscene as a matter of law” is the presence of “irreparable harm”. In declaring the films to be “obscene as a matter of law” the court specifically found, inter alia, that the materials were patently offensive because they affronted contemporary community standards relating to the description or representation of sexual matters. It would appear that the very premise upon which “obscenity” is based is the offensive nature of the material and the harm or injury to the public that such material is likely to cause. Why else declare it to be obscene? (See Miller v. California, 413 *72 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419; and Rhodes v. State, Fla.1973, 283 So.3d 351.)
Where the interest of the state is involved as in the enforcement of its laws; and where, in particular, illegal acts or practices are alleged and sought to be enjoined (such as the exhibiting of films alleged to be obscene), if the state proves that the materials are “obscene as a matter of law”, it is not necessary to independently establish “irreparable harm” in order to be entitled to injunctive relief. See Rich v. Ryals, Fla.1968, 212 So.2d 641; 17 Flajur., Injunction, Sec. 47. A trial court determination of obscenity is tantamount to a finding of “irreparable harm”.
Having demonstrated that the films in question were “obscene 'as a matter of law”, it is our opinion that the state was entitled to permanent injunctive relief irrespective of the absence of additional proof that the defendant intended to continue to show or exhibit said films for additional periods. The record reflects, and the amended final judgment finds, that “the Defendant Corporation showed the films to the public for an admission charge or a monetary fee . . .”. It is not unreasonable to infer that from the very nature of defendant’s business and the product with which it was dealing that a continued exhibition of the obscene material was likely to occur unless such conduct is enjoined. What difference should it make that obscene films will or will not be shown or exhibited in the future; if judicially declared to be obscene they are subject to injunction. If the films are not obscene then injunction does not lie and the films should be returned to the owner.
Moreover, it would seem impractical, if not impossible, to conclusively prove a further exhibition of the films short of securing some type of admission from the defendant itself (contrary to the constitutional inhibitions against self-incrimination). It would, therefore, seem unnecessary to the state’s entitlement to permanent injunctive relief that it conclusively establish continued exhibition; a declaration of obscenity based upon the applicable legal tests and standards is sufficient to entitle the state to permanent injunc-tive relief and the consequent destruction of the “contraband”.
This brings us to the somewhat difficult proposition of whether a trial court is empowered to withhold injunctive relief once having declared the films to be “obscene as a matter of law”. Our reading of Section 847.011 (and what we perceive to be the legislative intent in its enactment) would suggest that injunctive relief follows a declaration of obscenity and is a concomitant thereof. To arrive at a determination of obscenity within the applicable legal tests but to stop short of permanent injunction would, in our view, defeat the purposes and intent of Section 847.011, namely, to restrict and destroy the exhibition and use of obscene material. A determination of obscenity with nothing more would be tantamount to a judicial advisory opinion, without force and effect. The civil remedy contained in Section 847.011 would be meaningless, if it merely provided a forum for the determination of obscenity vel non without enforcement. We cannot ascribe to the legislature an intent to enact a “paper tiger” statute; and this would be the resulting effect if enforcement (injunctive relief) did not flow as an incident to a determination of obscenity.
Lastly, we conclude that having found the films in question to be “obscene as a matter of law” it was an abuse of discretion for the court to enter an order taxing costs against the state (predicated, perhaps, on the (erroneous) determination that the state was not entitled to injunctive relief). Unquestionably, it is recognized that a court in equity acts on the principle of doing justice between the parties; however, in our view, the circumstances and facts of this case do not justify a division *73 of costs between the parties nor an assessment of costs against the party that has successfully maintained its claim. See 8 Fla.Jur., Costs, Sections 8-11. See also Spencer v. Young, Fla.1953, 63 So.2d 334.[1]
Accordingly, to the extent that the amended final judgment declares the films in question to be obscene as a matter of law, it is affirmed; to the extent that the amended final judgment is inconsistent with the findings herein, it is reversed and remanded for further proceedings not inconsistent with this opinion and with the additional direction that the order taxing costs against the State be set aside.[2]
OWEN, C. J., concurs.
CROSS, J., dissents, with opinion.

. To the extent that the pleadings allege a continual exhibition or showing such allegations are surplusage in terms of entitlement to permanent injunctive relief where the materials are declared “obscene as a matter of law”.

. With respect to the contention as to the validity of Section 847.011, in our view this issue has been laid to rest in Rhodes v. State, supra. See also State ex rel. Gerstein v. Walvick Theatre Corp., Supreme Court, 298 So.2d 406, opinion filed May 1, 1974.