222 So.2d 732 (1969)
STATE of Florida, Appellant,
v.
Thomas Bruce REESE, Appellee (Two Cases).
Nos. 37598, 37599.
Supreme Court of Florida.
May 7, 1969.
Rehearing Denied June 11, 1969.
*733 Earl Faircloth, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellant.
David Linn, of White, Phipps, Linn, Furnell & Mahorner, Clearwater, for appellee.
ROBERTS, Acting Chief Justice.
Appellant was charged in two separate informations with possession of obscene material contrary to § 847.011(2), Fla. Stat. 1967, F.S.A. Both informations were dismissed by the trial judge upon motion of the appellant charging that § 847.011, Fla. Stat. 1967, F.S.A., was unconstitutional and void for failure to prescribe a sufficiently ascertainable standard of guilt. The State has appealed directly to this court from the order of dismissal entered in each case, and the cases have been consolidated for the purpose of appeal. We have jurisdiction of the appeals under § 4(2), Article V, Florida Constitution, F.S.A.
Sec. 847.011, Fla. Stat. 1967, F.S.A., denounces the possession or sale of "any obscene, lewd, lascivious, filthy, indecent, immoral, sadistic, or masochistic" book, magazine, picture or similar material. Subsection (10) of the section provides that
"For the purposes of this section, the test of whether or not material is obscene is: Whether to the average person, *734 applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest."
This subsection was adopted by the Florida Legislature in 1961 following the decicision of the United States Supreme Court in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498, (1959). In Roth, the court upheld, a federal statute denouncing the mailing of material that is "obscene, lewd, lascivious, or filthy * * * or other publication of an indecent character" as against a charge that the statute failed to provide a reasonably ascertainable standard of guilt. The court recognized that the terms of obscenity statutes are not precise and noted that this lack of precision does not, in and of itself, violate due process  that it is necessary only that the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice. A majority of the court adopted as a standard of obscenity the following (the so-called Roth test):
"Whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest."
and held that the words of the obscenity statute in question  obscene, lewd, lascivious, filthy, indecent  when applied according to this standard, give adequate warning of the conduct proscribed and mark boundaries sufficiently distinct for judges and juries fairly to administer the law.
Since Roth, there have been decisions in which members of the court have expressed other views respecting the standard to be applied in determining the question of obscenity. In Manual Enterprises v. Day, 370 U.S. 478, 82 S.Ct. 1432, 8 L.Ed.2d 639 (1962), Mr. Justice Harlan, joined by Mr. Justice Stewart, opined that to be obscene the material must be "patently offensive to contemporary community standards." In Jacobellis v. Ohio, 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964), Mr. Justice Brennan, joined by Mr. Justice Goldberg, noted that obscenity is not entitled to First Amendment protection because it is "utterly without redeeming social importance." Finally, in a Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of Com. of Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966), three members of the court as presently constituted (Chief Justice Warren, Mr. Justice Brennan, and Mr. Justice Fortas) concurred in holding that
"Under [the Roth] definition, as elaborated in subsequent cases, three elements must coalesce: it must be established that (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value."
These three members of the court again concurred in Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967), on the same ground as in Memoirs, supra, in voting for reversal of an obscenity conviction.
The appellee contends that these decisions have so modified the Roth test as to amount to an abandonment thereof, and that Subsection (10) of § 847.011 is therefore "unconstitutional." It appears to us, however, that a determination of the question of whether or not the Roth test has been abrogated by the United States Supreme Court will have no effect whatsoever on the question of the validity of the statute, § 847.011(2), which the appellee was charged with violating. There can be no doubt that prosecutions under an obscenity statute may be initiated and tried under a court-adopted standard of obscenity as well as under a legislatively prescribed one. See Roth v. United States, supra. The addition of Subsection (10) to § 847.011 was merely a legislative declaration *735 of a judicial rule that had already been adopted by the courts of this state. See Rachleff v. Mahon, Fla.App. 1st 1960, 124 So.2d 878; Gerstein v. "Pleasure Was My Business," Fla.App.3d 1961, 136 So.2d 8. Subsection (10) is clearly severable from the remainder of the Act under well established rules and the severability clause contained in the Act in which it was adopted. See Sec. 12, Ch. 61-7, Acts of 1961. If Subsection (10) were deleted from the statute, the situation would revert to what it was prior to its adoption, that is, the courts of this state could adopt the later pronouncements of the United States Supreme Court "elaborating" upon the definition of obscenity made in Roth, as set forth in Memoirs, quoted above.
We have the view, however, that the Supreme Court did not intend to abrogate the Roth test. Certainly the three members of the court whose opinion in Memoirs is the mainstay of the appellee's position here, cannot be said to have abandoned it. Their opinion states unequivocally that, under the Roth definition as elaborated in subsequent cases the three elements named must coalesce. And in Ginzburg v. United States, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31 (decided in 1966, the same year as Memoirs) the court specifically recognized the Roth test as proper in determining whether materials are obscene and held that evidence that the materials were used in connection with pandering "is relevant to the application of the Roth test." In the brief painstakingly prepared on behalf of the State, the Attorney General has pointed out that two other members of the court have approved a test more liberal than that of the Roth definition as elaborated in Memoirs. (See the dissenting opinions of Mr. Justice White and Mr. Justice Harlan in Memoirs.) It would seem, therefore, that a conviction based on the Roth test as "elaborated" in Memoirs would  or, at least, should  have a good chance of standing up under a due process attack made on it in the United States Supreme Court; and Subsection (10) of § 847.011, supra, can and should be interpreted, and the words of our obscenity statute applied, in the light of the clarification or "elaboration" of the Roth test made in Memoirs, supra.
While Subsection (10) applies, in terms, only to "obscene" material, the Supreme Court held in Roth that the words "lewd, lascivious, filthy or indecent" are equivalent to "obscene", so that this definitive provision of our obscenity statute would apply equally to these words. Sec. 847.011 also denounces "immoral, sadistic, or masochistic" material. The words "sadistic" and "masochistic" have a well defined meaning and prescribe an ascertainable standard of guilt. The word "immoral" has, however, been held to be unconstitutionally vague when used in a film-licensing statute. See Interstate Circuit, Inc. v. City of Dallas, 390 U.S. 676, 88 S.Ct. 1298, 20 L.Ed.2d 225, 231. And the Attorney General has conceded that this word should be deleted from the statute. The elimination of the word "immoral" would not interfere with the operation of the remainder of the statute, and it cannot be said that the Legislature would not have enacted the statute had it known that this word would be deleted. Accordingly, the word "immoral" is severable and should be deleted.
The appellee has also asked this court to recede from its decision in Tracey v. State, Fla. 1961, 130 So.2d 605, in which we held that § 847.011(2)  denouncing the possession of obscene material without intent to sell, etc.  was not unconstitutionally vague. The argument is made that one who is in the business of selling or distributing material that may be obscene is in a position to employ legal counsel to determine whether or not it is obscene; whereas, it is impossible for the average citizen of common intelligence, not in the business of exploiting commercially such material, to determine for himself what is legally obscene and what is not.
This argument overlooks the fact that lack of precision is not itself offensive *736 to the due-process requirement, and that all that is required is that the language of the statute "conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices * * *" United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877, quoted in the Roth case. (Emphasis supplied.) The Roth test itself is geared to the understanding of "the average person, applying contemporary community standards". We are not advised of the considerations that prompted the Legislature in 1961 to denounce the mere possession of obscene literature, without intent to sell etc., as a crime. It is well settled, however, that the courts are not concerned with the wisdom or motives of the Legislature in enacting a law; our concern is with the validity of the enactment when measured by organic requirements. In view of the pronouncements of the Supreme Court of the United States referred to above, it is clear that § 847.011 (2) is not susceptible to the attack on the ground of unconstitutional vagueness here made upon it. Accordingly, this contention cannot be sustained.
In disposing of this case we have not overlooked the decision of the Supreme Court of the United States in Stanley v. Georgia published April 7, 1969, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542. In that case officers armed with a search warrant were searching for evidence of bookmaking activities in Stanley's home and, while rummaging a desk drawer in an upstair's bedroom, found a pornographic film. Stanley having been tried and found guilty by a jury, the conviction ultimately reached the Supreme Court of the United States which reversed his conviction, three justices agreeing only because of the questionable search and seizure, but the majority in reversing said: 
"We hold that the First and Fourteenth Amendments prohibit making mere private possession of obscene material a crime. Roth and the cases following that decision are not impaired by today's holding. As we have said, the States retain broad power to regulate obscenity; that power simply does not extend to mere possession by the individual in the privacy of his own home."
No such situation exists in the case sub judice. The appellee here, having been charged with possession, moved to quash on the sole contention that the Florida Statute is unconstitutional. No effort was made for a more specific charge or a bill of particulars. The trial court quashed the proceeding on the sole ground contended for. There was no trial or finding of fact by a jury. The only question present here now for decision is the constitutionality, vel non, of the Florida Statute. From an examination of the abridged record before us, the possession may have been in a school classroom, a hotel lobby, a public park  or the appellee's bedroom. If the appellee desires to defend himself under the rule announced in Stanley v. Georgia, supra, he must do so during a trial where the facts can be fully developed and submitted to a jury under proper charge of the trial court, but on its face the Statute is not void.
For the reasons stated, we hold that the word "immoral" should be deleted from the Statute and that the remainder of § 847.011, Florida Statutes, F.S.A., should be held valid as against the attack here made upon it, so the judgment under review is
Reversed and remanded for further proceedings not inconsistent with this opinion.
It is so ordered.
DREW, CARLTON, ADKINS, and BOYD, JJ., and SPECTOR, District Court Judge, concur.
SPECTOR, District Court Judge (concurring specially):
I agree with the result of reversal reached in Justice Roberts' well written opinion.
*737 However, I doubt the necessity of going through the judicial labor of distinguishing this case from those decided by the United States Supreme Court subsequent to Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498, which are cited in the majority opinion. Such post-Roth cases fail to provide a clear and precise basis upon which the lower court's ruling of invalidity can rest. An examination of those opinions reflects that no single majority of the court since the Roth case was decided has agreed upon an articulated standard or test satisfactory to a majority of the justices by which an obscenity statute may be measured against the constitution.
As I read the cited cases, they are in hopeless conflict, not only as between my views and those expressed in the federal opinions, but also between the views of the justices participating in those decisions.
No useful purpose would be served to here list the cast of participants in each of the cases and the views they alternately espouse from case to case, it being sufficient for the purpose of my point to observe that there seems to be no perceptible common denominator for the justices' appearance first on one side of a case and then on another, viz., A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of Com. of Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966), in which six of the justices agreed upon a reversal but no more than three could agree upon any one ratio decidendi to base it on.
Long ago, this court in State ex rel. Hampton v. McClung, 47 Fla. 224, 37 So. 51 (1904), considered the effect of its own decisions in cases where there was an equal division of opinion and thus no question of law was decided by the court. While holding that the judgment was binding on the parties to the cause, this court stated at page 52:
"* * * While the judgment is a bar to any subsequent action for the same cause, * * * yet, as no matters of law are decided so far as the question upon which the court is equally divided is concerned, the judgment possesses no dignity as a judicial precedent." (Emphasis supplied.)
To like effect, see Lendsay v. Cotton, 123 So.2d 745, 95 A.L.R.2d 1029 (Fla.App. 1960).
The rule is stated in 20 Am.Jur.2d, Courts, § 195, page 531, as follows:
"* * * And where members of the court unanimously or by majority vote reach a decision but cannot, even by a majority, agree on the reasoning therefor, no point of law is established by the decision and it cannot be a precedent covered by the stare decisis rule."
In support of the foregoing rule, the United States Supreme Court's decision in United States v. Pink, 315 U.S. 203, 62 S.Ct. 552, 86 L.Ed. 796. In the latter case, opinion written by Justice Douglas, the court held at page 216, 62 S.Ct. at page 558 that:
"* * * the lack of an agreement by a majority of the Court on the principles of law involved prevents it from being an authoritative determination for other cases. Hertz v. Woodman, 218 U.S. 205, 213, 214, 30 S.Ct. 621, 622, 623, 54 L.Ed. 1001."
In my view, as supported by the foregoing authorities, until such time as a readily identifiable standard has been expressly articulated and concurred in by a majority of the United States Supreme Court in a given case, the jurisprudence of obscenity should rest upon the principles of the Roth case which, of course, did articulate a constitutional standard susceptible of judicial application to obscenity cases. More importantly, the Roth principles were concurred in by a majority of the court. However, the cases which were later decided by that court contain opinions of the justices which are so fractionalized that they are woefully lacking that constancy which is necessary under the doctrine of stare decisis before it can be stated with clarion *738 clarity that a given act or circumstance falls within or without the ambit of constitutionality. Thus, when viewed in light of the Roth case, the meaning of the words of the statute, Section 847.011, such as obscene, lewd, lascivious, etc., do fall within the understanding of ordinary men.
If courts are to merit the confidence of our citizens, it can no longer be pretended that four-letter word substitutes for fecal matter and copulation are not obscene merely by veiling them with such hocus-pocus phrases as "redeeming social value" and the like.
Any thirteen-year-old boy, no matter how culturally or educationally deprived he may be, knows better.
DREW and CARLTON, JJ., concur.