293 So.2d 33 (1974)
George H. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 43877.
Supreme Court of Florida.
April 10, 1974.
Michael J. Minerva, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty., Gen., for appellee.
McCAIN, Justice.
This cause appears before us for review from a ruling of the trial court upholding the constitutionality of F.S. § 847.05, F.S.A., thereby giving us jurisdiction pursuant to Article V, § 3(b)(1), Florida Constitution, F.S.A.
We agree with the trial court and affirm. To do otherwise would stagger the imagination and lay the groundwork for an entirely new type of public environment.
The facts are relatively simple. Appellant was initially arrested under the purview of the statute under attack, i.e., F.S. § 847.05 F.S.A., which provides:
"Any person who shall publicly use or utter any indecent or obscene language shall be guilty of a misdemeanor of the second degree... ."
Following this initial arrest, appellant was then arrested for resisting arrest with violence and for possession of less than 5 grams of marijuana. At trial by jury appellant was convicted of possession of marijuana alone. Thus, he now contends that if F.S. § 847.05, F.S.A., is unconstitutional (the argument being based on the statute's overbreadth), then the resultant search and seizure of the marijuana must fall as well as the conviction resulting therefrom.
Let us first examine the language publicly used by the appellant resulting in the initial arrest, which is as follows: "G____ D____ Mother F____, F____ Pigs and Son of a B____." Is this indecent or obscene language? We find that it is.
Appellant relies heavily upon Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972) and Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031, as well as several other cited cases, however, we can afford him no comfort. For example, Chaplinsky, supra, held *34 inter alia that the right of free speech is not absolute.
At common law any outrage of decency which was injurious to public acceptance was a crime. Winters v. People of State of New York, 333 U.S. 507, 68 S.Ct. 655, 92 L.Ed. 840 (1948). Our State by adopting the common law and through enactment of the statute under review only defines the crime with more specificity. No distortion of the Constitution (State or United States) should prevent our Legislature from keeping its people free from obscene and foul language.
The basic test is to determine whether the words of the statute establish a standard by which the uttered words convey to the transgressor (an average citizen of common understanding) a warning of that conduct prohibited by the statute. F.S. § 847.05, F.S.A., meets this test. Obviously impossible standards are not required. A boy flying a kite can haul it in, but you can not do this with flying words.
Upon careful review, we therefore determine that the statute, sub judice, comes within constitutional bounds and is not void for overbreadth, but to the contrary, contains language sufficient to convey to a person of common understanding its prohibition. State v. Magee, Fla. 1972, 259 So.2d 139; State v. Clein, Fla. 1957, 93 So.2d 876; Cantwell v. Conn., 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213, 128 A.L.R. 1352 (1940); Roth v. U.S., 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957).
Accordingly, F.S. § 847.05, F.S.A., is deemed constitutional and the ruling of the trial court is affirmed.
It is so ordered.
ADKINS, C.J., and BOYD and DEKLE, JJ., concur.
ERVIN, J., dissents with opinion.
ERVIN, Justice (dissenting).
Insofar as the majority opinion upholds the constitutionality of F.S. Section 847.05, F.S.A. facially it is erroneous.
The statute relates only to spoken words which are intrinsically "indecent or obscene." In the majority opinion the language in the statute is not narrowed to "fighting words" or to any clear or present danger of harm to others as required in the Gooding or Chaplinsky cases, and explained in detail in State v. Mayhew (Fla. 1974), 288 So.2d 243. It does not bother to specifically limit or define or describe "indecent or obscene language" publicly used or uttered in the context of recognized constitutional limitations. Consequently, it is contrary to the rationale of Miller v. California, (1973) 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419, and Paris Adult Theatre I v. Slaton, (1973) 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446, which limit obscenity statutes to specifically described sexual acts involving prurient interest. There is nothing in Section 847.05 restricting obscene language to words relating to sexual acts of a prurient nature.
Falling back on the crutch of the common law and saying that "any outrage of decency which was injurious to public acceptance" is a crime, is an inconclusive abstract generalization without legal significance. Under later decisions to the Winters case, statutes of the nature of F.S. Section, 847.05, F.S.A., are not protected by the gloss of the common law from unconstitutional vagueness and overbreadth. Cf., Papachristou v. City of Jacksonville, (1972) 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110, and Smith v. Florida (1972) 405 U.S. 172, 92 S.Ct. 848, 31 L.Ed.2d 122, and In Re Fuller (Fla. 1971) 255 So.2d 1.
Actually, the majority opinion is little more than a parochial ipse dixit conclusion expressing personal prejudice that indecent language spoken in public in and of itself is a crime, and may be condemned by vague legislation. It overlooks the limitations imposed upon state action by the *35 First Amendment that speech may not be condemned by broad general statutes. This principle has been spelled out in several cases by the Supreme Court of the United States.
It is an obvious fact of life that obscene or indecent language often may be uttered or used in public places without ever generating any of the untoward situations contemplated in Chaplinsky and Gooding. The statute should define the nature of obscene language by restricting it to references of sexual acts of a prurient nature and limiting it to situations involving "fighting words" or breaches of the peace.