298 So.2d 374 (1974)
STATE of Florida, Petitioner-Appellant,
v.
Balint PAPP, Respondent-Appellee.
Nos. 44461, 44481.
Supreme Court of Florida.
June 12, 1974.
Rehearing Denied September 5, 1974.
*375 Robert L. Shevin, Atty. Gen., Thomas M. Carney and Stephen R. Koons, Asst. Attys. Gen., for petitioner-appellant.
Paul F. Gerson, Miami Beach, for respondent-appellee.
BOYD, Justice.
This cause is before us on petition for certiorari to review a decision[1] of the District Court of Appeal, Fourth District, as well as on an appeal from the opinion of that court, both of which have been consolidated by this Court. We have jurisdiction under Article V, Section 3(b)(1) and Article V, Section 3(b)(3), Florida Constitution, F.S.A.
In May, 1970, an information was filed in the Criminal Court of Record for Orange County, Florida, charging respondent with possession on October 1, 1969, of an obscene magazine with knowledge of the nature of the magazine and with the intention to distribute it in violation of Section 847.011(1)(a), Florida Statutes, F.S.A. On October 12, 1970, respondent was tried and found guilty by a judge sitting without a jury. Having found the magazine in question to be obscene under the then current definition, the court sentenced respondent to one year in prison and a fine of $1,000.00. On appeal, the Circuit Court for Orange County affirmed this conviction on September 29, 1971; Respondent then filed his petition for certiorari with the District Court of Appeal, Fourth District. While finding that the magazine could be found obscene when measured by the criteria established in South Florida Art Theatres, Inc. v. State ex rel. Mounts,[2] the District Court found that in light of Miller v. California,[3] Section 847.011, Florida Statutes, F.S.A., failed to give adequate notice of the conduct sought to be proscribed and was unconstitutional. From this decision, the State simultaneously brought its petition for certiorari and appeal.
We agree with the Criminal Court of Record for Orange County, the Circuit Court for Orange County, and the District Court of Appeal, Fourth District, that the magazine entitled "His'n Hers, Volume I" is obscene. Therefore, we direct our attention solely to the constitutional issue raised by the District Court of Appeal. It was the District Court's view that at the time of the offense with which respondent was charged, Section 847.011(1)(a), Florida Statutes, F.S.A.,[4] was unconstitutionally broad in scope; the court stated, inter alia:
"Nor does it appear ... that at the time of the offense with which Papp was charged, the statute had been authoritatively construed in such manner as to provide by judicial pronouncement the necessary specificity... ."[5]
We disagree.
On June 11, 1969, the case of State v. Reese,[6] became final; in that case, this *376 Court held that once the word "immoral" was eliminated, Section 847.011(2), Florida Statutes, F.S.A.,[7] was not susceptible to attack on the ground of unconstitutional vagueness. Since the standard specified in Section 847.011(2), Florida Statutes, F.S.A., regarding possession of obscene materials, is the same standard specified in Section 847.011(1)(a), Florida Statutes, F.S.A., relating to distribution of obscene materials, inter alia, and since that standard has been upheld in Section 847.011(2), Florida Statutes, F.S.A., we now hold that, with the elimination of the word "immoral" (as being unconstitutionally vague pursuant to State v. Reese,[8]supra), the same standard is also constitutional when found in Section 847.011(1)(a), Florida Statutes, F.S.A. We find nothing in the more recent Federal cases, including Miller, supra, to cause us to recede from our decision in Reese, supra. Since the recent opinions of the United States Supreme Court have not abrogated the ruling in Reese, supra, which was clearly affirmed by this Court in Rhodes v. State,[9] we hold that the language of Section 847.011(1)(a), Florida Statutes, F.S.A., is sufficient to meet the constitutional requirements of notice.
Accordingly, the decision of the District Court of Appeal is quashed and remanded, with instructions to reinstate the judgment and sentence previously imposed.
It is so ordered.
ROBERTS, McCAIN and DEKLE, JJ., concur.
ADKINS, C.J., and ERVIN, J., dissent.
NOTES
[1] Papp v. State, 281 So.2d 600 (Fla.App. 1973).
[2] 224 So.2d 706 (Fla.App. 1969).
[3] 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).
[4] "847.011 Prohibition of certain acts in connection with obscene, lewd, etc., materials; penalty. 

"(1)(a) A person who knowingly ... has in his possession, custody, or control with intent to sell, lend, give away, distribute, transmit, show, transmute, or advertise in any manner, any obscene, lewd, lascivious, filthy, indecent, immoral, sadistic, or masochistic ... magazine ... picture ... photograph ... is guilty of a misdemeanor and shall be punished by imprisonment in the county jail not exceeding one year or by fine not exceeding $1,000.00, or both... ."
[5] See note 1 at 602-603 of 281 So.2d.
[6] 222 So.2d 732 (Fla. 1969).
[7] "(2) A person who knowingly has in his possession, custody, or control any obscene, lewd, lascivious, filthy, indecent, immoral, sadistic, or masochistic ... magazine ... picture ... photograph . . without intent to sell, lend, give away, distribute, transmit, show, transmute, or advertise the same, is guilty of a misdemeanor and shall be punished by imprisonment in the county jail not exceeding six months or by fine not exceeding $500.00, or both. In any prosecution for such possession, it shall not be necessary to allege or prove the absence of such intent."
[8] See note 6 at 735.
[9] 283 So.2d 351 (Fla. 1973).