No. 73–7014. JONES *v.* FLORIDA. Appeal from Sup. Ct. Fla. dismissed for want of properly presented federal question. 

MR. JUSTICE BRENNAN, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE MARSHALL join, dissenting.

The Court dismisses this appeal for want of a properly presented federal question. That disposition is utterly indefensible on the record of this case.

Appellant was arrested for violating Fla. Stat. § 847.05 (Supp. 1974–1975), which provides:

"Any person who shall publicly use or utter any indecent or obscene language shall be guilty of a misdemeanor of the second degree . . . ."

After the arrest, appellant was searched and marihuana was found in his possession. Appellant was then charged with using indecent or obscene language, resisting arrest, and possession of marihuana. Prior to trial, he moved to dismiss the information on the ground that on its face Fla. Stat. § 847.05 violates the First and Fourteenth Amendments and therefore the arrest pursuant to § 847.05 was unlawful and the ensuing search and seizure of the marihuana invalid. The motion was denied. At trial by jury, the marihuana was admitted in evidence and appellant was convicted solely on the charge of possession of marihuana. The conviction was appealed to the Florida Supreme Court pursuant to Art. 5, § 3 (b)(1), of the Florida Constitution, which directs the Florida Supreme Court to "hear appeals . . . from orders of trial courts . . . passing on the validity of a state statute . . . ." The Florida Supreme Court upheld the constitutionality of § 847.05, finding that the statutory language itself was "sufficient to convey to a person of common understanding its prohibition." 293 So. 2d 33, 34 (1974). In view of that holding, the Florida Supreme Court found it unnecessary to decide whether the marihuana conviction could stand if § 847.05 were unconstitutional and the initial arrest therefore unlawful.

Section 847.05 punishes only spoken words and, as construed by the Florida Supreme Court, is facially unconstitutional because it is not limited in application "to punish only unprotected speech" but is "susceptible of application to protected expression." *Gooding* v. *Wilson*,

405 U. S. 518, 522 (1972). See also *Lewis* v. *City of New Orleans,* 415 U. S. 130, 134 (1974); *Cohen* v. *California,* 403 U. S. 15, 20 (1971). In that circumstance, it is irrelevant that the statute might constitutionally reach appellant's conduct, for " '[a]lthough a statute may be neither vague, overbroad, nor otherwise invalid as applied to the conduct charged against a particular defendant, he is permitted to raise its vagueness or unconstitutional overbreadth as applied to others. And if the law is found deficient in one of these respects, it may not be applied to him either, until and unless a satisfactory limiting construction is placed on the statute. The statute, in effect, is stricken down on its face. . . .' " *Gooding* v. *Wilson, supra,* at 521.

*Gooding* obviously compels reversal of the judgment of the Florida Supreme Court. The Court, however, dismisses this appeal for want of a properly presented federal question. But a dismissal on that ground would be appropriate only if the federal claim had not been raised in a proper and timely manner in the state courts. See, *e. g., Bailey* v. *Anderson,* 326 U. S. 203, 206–207 (1945); *Street* v. *New York,* 394 U. S. 576, 581–585 (1969). That cannot possibly be said of this case. The unconstitutionality of § 847.05 was the basic claim asserted by appellant and he urged it at every level in the state proceedings. And even were there doubt of this, and there can be none on this record, our jurisdiction still obtains since the Florida Supreme Court's sole ground of decision was based upon resolution of the federal question. "There can be no question as to the proper presentation of a federal claim when the highest state court passes on it." *Raley* v. *Ohio,* 360 U. S. 423, 436 (1959).

Certainly it cannot be said that there is lack of a properly presented federal question because appellant was con-

victed not for violating § 847.05 but on the marihuana charge. His claim is that the marihuana seized from him and admitted in evidence against him was "fruit of the poisonous tree" because his initial arrest was pursuant to the unconstitutional § 847.05. It may be that on remand his "fruits" claim will be rejected and the marihuana conviction reinstated. But the Florida Supreme Court did not speak to that question in light of its determination, based on holding § 847.05 constitutional, that the initial arrest was valid. Appellant has properly presented the federal question decided by the Florida Supreme Court and our plain duty is to reverse that court and remand for further proceedings not inconsistent with this opinion.