303 So.2d 329 (1974)
William BUCOLO, Appellant,
v.
STATE of Florida, Appellee.
Ronald A. SIMPSON, Appellant,
v.
STATE of Florida, Appellee.
James R. AGUT, Appellant,
v.
STATE of Florida, Appellee.
William BUCOLO and James R. Agut, Appellants,
v.
STATE of Florida, Appellee.
Nos. 38280, 38279, 38278 and 38424.
Supreme Court of Florida.
October 16, 1974.
Rehearing Denied December 9, 1974.
*330 Richard Yale Feder, Irma Robbins Feder, Miami, Alfred I. Hopkins, Miami Beach, and Allan V. Everard, N. Palm Beach, for appellants.
Earl Faircloth, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
PER CURIAM.
In these consolidated appeals, appellants contest their convictions of violation of Section 847.011, Florida Statutes, commonly referred to as the Florida obscenity statute. Dispositive of our Court having jurisdiction was the trial judge's specific ruling upholding the constitutionality of that statute. We do. Article V, § 3(b)(1), Florida Constitution.
Appellants attack the constitutionality of the statute vel non and as applied to both the materials involved and as applied to each of them.
The record is before us, as well as the appellate briefs. Further oral argument would serve no useful purpose, and therefore is hereby dispensed with.
After review of the record and briefs, and upon the construction, rationale and authority of (1) State of Florida v. Papp, Fla., 298 So.2d 374, opinion filed June 12, 1974, with rehearing denied September 5, 1974; (2) State v. Reese, 222 So.2d 732 (Fla. 1969) and (3) Rhodes v. State, 283 So.2d 351 (Fla. 1973), the judgment of the trial court is hereby affirmed.
It is so ordered.
ADKINS, C.J., and ROBERTS, McCAIN and DEKLE, JJ., concur.
ERVIN, J., dissents.