316 So.2d 551 (1975)
William BUCOLO, Appellant,
v.
STATE of Florida, Appellee.
Ronald A. SIMPSON, Appellant,
v.
STATE of Florida, Appellee.
James R. AGUT, Appellant,
v.
STATE of Florida, Appellee.
William BUCOLO and James R. Agut, Appellants,
v.
STATE of Florida, Appellee.
Nos. 38280, 38279, 38278 and 38424.
Supreme Court of Florida.
July 9, 1975.
Richard Yale Feder, Irma Robbins Feder, Miami, Alfred I. Hopkins, Miami Beach, and Allan V. Everard, North Palm Beach, for appellants.
Earl Faircloth, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
BOYD, Justice.
These cases are before us pursuant to a mandate of the Supreme Court of the United States,[1] decided May 20, 1975, reversing a decision of this Court.[2]
In these consolidated appeals Appellants originally contested their convictions of violation of Section 847.011, Florida Statutes, commonly referred to as the Florida obscenity statute. The trial court having held that statute to be constitutional Appellants challenged that ruling in their direct appeal to this Court; we upheld the judgment of the trial court based on our recent decision in State v. Papp,[3]inter alia, which had become final before the cases of Hamling[4] and Jenkins[5] were called to our attention. After this Court's decision sub judice was rendered, Appellants filed their petition for writ of certiorari with the United States Supreme Court, which granted the petition. Having considered this cause in light of Jenkins[6] and Kois v. Wisconsin,[7] that Court reversed this Court's holding and remanded the case for further proceedings.
Accordingly, in view of this Mandate and in light of our recent holding in Fontana v. State, Fla., 316 So.2d 543 opinion filed July 9, 1975, this cause is reversed and remanded to the trial court for further proceedings in which the standards established in Miller v. California[8] can be applied.
It is so ordered.
ADKINS, C.J., and ROBERTS, OVERTON and ENGLAND, JJ., concur.
NOTES
[1] Styled: William Bucolo, Ronald A. Simpson and James R. Agut v. Florida, 421 U.S. 927, 95 S.Ct. 1651, 44 L.Ed.2d 84.
[2] Bucolo v. State, 303 So.2d 329 (Fla. 1974).
[3] 298 So.2d 374 (Fla. 1974).
[4] Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).
[5] Jenkins v. Georgia, 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 642 (1974).
[6] Id.
[7] 408 U.S. 229, 92 S.Ct. 2245, 33 L.Ed.2d 312 (1972).
[8] 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).