HATCHETT, Justice.
This appeal is taken from a judgment of conviction[1] entered in the County Court of Wakulla County. The prosecution began with a complaint[2] accusing appellant of a violation of Section 847.05, Florida Statutes (1975), which provides:
Any person who shall publicly use or utter any indecent or obscene language shall be guilty of a misdemeanor .
By a motion to dismiss the information (sic), appellant challenged the constitutionality of Section 847.05, Florida Statutes (1975), on First, Fifth and Fourteenth Amendment grounds. In denying this motion and subsequently adjudicating appellant guilty, the trial court rejected a constitutional challenge to the validity of a state statute. Accordingly, we have jurisdiction. Wooten v. State, 332 So.2d 15 (Fla., 1976); Allen v. State, 326 So.2d 419 (Fla. 1975) (reh. den. 1976); Kelly v. State, 323 So.2d 565 (Fla. 1975); Baker v. State, 323 So.2d 556 (Fla. 1975); Singletary v. State, 322 So.2d 551 (Fla. 1975); Hurley v. State, 322 So.2d 506 (Fla. 1975).
This is not the first time Section 847.05 has been challenged in this Court as an unconstitutional, abridgement of the freedom of speech, guaranteed by the First and Fourteenth Amendments to the United States Constitution. The appellant in Jones v. State, 293 So.2d 33 (Fla. 1974), contended that his conviction for possession of marijuana should be reversed because the marijuana, introduced in evidence against him, was seized incident to an arrest for violation of Section 847.05, Florida Statutes (1975). The statute was constitutionally defective, he argued, so his arrest was unlawful and could not justify the authorities’ warrantless search of his person. Jones appealed this Court’s affirmance of his conviction to the United States Supreme Court, where the appeal was dismissed “for want of a properly presented federal question.” Jones v. Florida, 419 U.S. 1081, 95 S.Ct. 671, 42 L.Ed.2d 676 (1974). Three justices dissented, voting to reach the question of the statute’s validity, and expressing the view that “Section 847.05 ... is facially unconstitutional.” Id.
In upholding Jones’ conviction, we declined to explicate the language of the stat *979 ute, taking the view that the “words of the statute . . . [suffice to] convey . a warning of that conduct prohibited by the statute.” 293 So.2d at 34. Dissenting in Jones v. State, supra, Mr. Justice Ervin emphasized that the Court placed no limiting construction on Section 847.05, Florida Statutes (1975):
The statute relates only to spoken words which are intrinsically “indecent or obscene.” In the majority opinion the language in the statute is not narrowed to “fighting words” or to any clear or present danger of harm to others . .. It does not bother to specifically limit or define or describe “indecent or obscene language” publicly used or uttered in the context of recognized constitutional limitations. . . . There is nothing in Section 847.05 restricting obscene language to words relating to sexual acts of a prurient nature.
Falling back on the crutch of the common law and saying that “any outrage of decency which was injurious to public acceptance” is a crime, is an inconclusive abstract generalization without legal significance. ... At 34.
Because of ex post facto considerations, the Jones Court’s construction of Section 847.-05, Florida Statutes (1975), must be our starting point in the present case. “[T]he ‘test’ of what constitutes obscenity . is that which prevailed under the applicable statute as amplified by authoritative construction published at the time of the offense.” Rhodes v. State, 283 So.2d 351, 355 (Fla. 1973) (emphasis supplied; footnote omitted). Cf. Shuttlesworth v. Birmingham, 382 U.S. 87, 86 S.Ct. 211, 15 L.Ed.2d 176 (1965).
Recent developments, including the subsequent history of Jones v. State, supra, militate in favor of reconsideration of the constitutionality of Section 847.05, as authoritatively interpreted in the Jones case. Section 847.011, Florida Statutes (1975), another statute in the same chapter as the statute under which appellant was convicted, embodies a definition of obscenity more explicit than the “indecent or obscene” standard at issue here. Section 847.-011 formerly proscribed possession of, and certain conduct in connection with, “obscene, lewd, lascivious, filthy, indecent, immoral, sadistic or masochistic” materials. When Section 847.011 was adjudged deficient in the trial court, the state appealed. In an extended opinion, this Court excised the word “immoral” from Section 847.011 and pronounced all constitutional maladies remedied. State v. Reese, 222 So.2d 732 (Fla. 1969). Apparently inspired by the decision in State v. Reese, supra, the legislature reenacted Section 847.011, omitting the word “immoral”, and giving the statute its present day form. As presently worded, Section 847.011 was upheld by this Court in a line of cases[3] culminating with Bucolo v. State, 303 So.2d 329 (Fla. 1974). Last year our decision in Bucolo was summarily reversed[4] by the United States Supreme Court. Bucolo v. Florida, 421 U.S. 927, 95 S.Ct. 1651, 44 L.Ed.2d 84 (1975). On reexamination of Section 847.05, Florida Statutes (1975), and reconsideration of the question *980 of its constitutionality, we conclude that the statute is unconstitutional on its face, because it is overbroad at best.[5] See Cohen v. California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971).
Special rules of decision apply in cases where a statute makes speech punishable as a crime. “Because First Amendment freedoms need breathing room to survive, government may regulate in the area only with narrow specificity.” NAACP v. Button, 371 U.S. 415, 433, 83 S.Ct. 328, 338, 9 L.Ed.2d 405, 418 (1963). When a statute “punishes only spoken words[,] [i]t can . withstand . . . attack upon its facial constitutionality only if . it is not susceptible of application to speech, although vulgar or offensive, that is protected by the First and Fourteenth Amendments.” Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972) (emphasis supplied); Hess v. Indiana, 414 U.S. 105, 94 S.Ct. 326, 38 L.Ed.2d 303 (1973); Rosenfeld v. New Jersey, 408 U.S. 901, 92 S.Ct. 2479, 33 L.Ed.2d 321 (1972); Coates v. City of Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971); Terminiello v. Chicago, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131 (1949). Statutes regulating speech must “punish only unprotected speech and not be susceptible of application to protected expression.” Gooding v. Wilson, 405 U.S. at 522, 92 S.Ct. at 1106, 31 L.Ed.2d at 414. Where a legislative enactment “is susceptible of application to protected speech, . [i]t is constitutionally overbroad and therefore is facially invalid.” Lewis v. New Orleans, 415 U.S. 130, 134, 94 S.Ct. 970, 972, 39 L.Ed.2d 214, 220 (1974). Consistently with the United States Supreme Court’s decisions, nobody can be punished under a statute purporting to outlaw spoken words, if the statute would be unconstitutional as applied to anybody. “This result is deemed justified since the otherwise continued existence of the statute in unnarrowed form would tend to suppress constitutionally protected rights.” Coates v. City of Cincinnati, 402 U.S. at 620, 91 S.Ct. at 1691, 29 L.Ed.2d at 221.
When the United States Supreme Court overturned convictions of persons found guilty of saying “ ‘you god damn m. f. police,’ ” Lewis v. New Orleans, 415 U.S. at 132 n. 1, 94 S.Ct. at 972 n. 1, 39 L.Ed.2d at 218 n. 1, and “ ‘You son of a bitch, I’ll choke you to death.’ ” Gooding v. Wilson, 405 U.S. at 519 n. 1, 92 S.Ct. at 1105 n. 1, 31 L.Ed.2d at 412 n. 1, and “ ‘We’ll take the fucking street later.’ ” Hess v. Indiana, 414 U.S. at 107, 94 S.Ct. at 328, 38 L.Ed.2d at 306, it did so not out of any solicitude for intemperance, but because the law under which the convictions were obtained was drawn in such a way that law abiding citizens could also have been convicted under it, simply for exercising their constitutionally guaranteed right to free speech. Likewise our principal concern here is preservation of freedom of speech for all citizens. Overbroad statutes create the danger that a citizen will be punished as a criminal for exercising his right of free speech. If this possibility were the only evil of overbroad statutes, it might suffice to review convictions on a case by case basis. But the mere existence of statutes and ordinances purporting to criminalize protected expression operates as a deterrent to the exercise of the rights of free expression, and deters most effectively the prudent, the cautious and the circumspect, the very persons whose advice we seem generally to be most in need of.
In the present case, the standard “indecent or obscene” does not meet constitutional requirements, because it does not succeed in articulating a boundary between expression which is protected and expression *981 which is not. Like Cohen v. California, supra (Cohen was in a courthouse “wearing a jacket bearing the words ‘Fuck the Draft’ ” 403 U.S. at 16, 91 S.Ct. at 1784, 29 L.Ed.2d at 289), this is “not ... an obscenity case.” 403 U.S. at 20, 91 S.Ct. at 1785, 29 L.Ed.2d at 291. Writing for a six member majority, Mr. Justice Harlan said in Cohen:
Whatever else may be necessary to give rise to the States’ broader power to prohibit obscene expression, such expression must be, in some significant way, erotic. Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). It cannot plausibly be maintained that this vulgar allusion to the Selective Service System would conjure up such psychic stimulation in anyone likely to be confronted with Cohen’s crudely defaced jacket. 403 U.S. at 20, 91 S.Ct. at 1785, 29 L.Ed.2d at 291.
It is equally implausible that the epithets hurled in the present case appealed to the hearers’ prurient interest, yet those epithets are aptly characterized as “indecent.” If-appellant abused a particular person with these vulgarities, intending to incite him to violence, her profanity might have been punished as fighting words under a carefully drawn statute. See Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed.2d 1031 (1942). The conviction under review cannot stand, however, because of the indiscriminate reach of Section 847.05, Florida Statutes (1975).
The judgment is reversed with directions that appellant be discharged.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND and SUNDBERG, JJ., concur.
ROBERTS, J., dissents.

. In response to the Court’s request for a written judgment, the clerk of the circuit court has furnished us a document styled Commitment To Serve Sentence which recites that Blannie Mae Spears has been adjudicated guilty of “the offense of profanity.” No separate written judgment is in the record on appeal, however.

. The complaint alleges that “on the 26 day of October, A.D. 1975, in Wakulla County, Florida . . . Blannie Mae Spears did . . . publicly use or utter indecent or obscene language, to wit: SON OF A BITCH, BASTARD M.F. ETC, [sic] contrary to section 847.05, FLORIDA STATUTES.”

. Rhodes v. State, 283 So.2d 351 (Fla. 1973); State v. Papp, 298 So.2d 374 (Fla. 1974); State ex rel. Gerstein v. Walrick Theatre Corp., 298 So.2d 406 (Fla. 1974). Subsequent to Bucolo, in Fontana v. State, 316 So.2d 543 (Fla. 1975), we altered our construction of Section 847.011, Florida Statutes (1975) in light of Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

. On receipt of the mandate issued in Bucolo v. Florida, supra, we “remanded to the trial court for further proceedings in which the standards established in Miller v. California can be applied.” Bucolo v. State, 316 So.2d 551 (Fla. 1975) (footnote omitted). Bucolo and code-fendants then applied to the United States Supreme Court for writ of mandamus, arguing that this Court’s disposition on remand “serve[d] to deprive them of the exoneration to which [the United States Supreme] Court’s reversal . . . entitle[d] them.” Bucolo v. Adkins, 424 U.S. 641, 96 S.Ct. 1086, 1087, 47 L.Ed.2d 301, 304 (1976). In accepting this contention, the Court left no doubt that its unanimous decision in Bucolo v. Florida, supra, rested on the ground that this Court had erroneously upheld a conviction for constitutionally protected activity, which fell within the purview of Section 847.011, Florida Statutes (1975).

. We do not reach the related question of vagueness because we decide the statute is bad for overbreadth. In general, a statute must be “sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties.” Connally v. Gen’l Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322, 328 (1926). This requirement assumes particular importance when speech is regulated. See Hynes v. Mayor and Council of the Borough of Oradell, - U.S. -, 96 S.Ct. 1755, 48 L.Ed.2d 243 (1976); Ashton v. Kentucky, 384 U.S. 195, 86 S.Ct. 1407, 16 L.Ed.2d 469 (1966); Winters v. New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948).