Richard WALTERS, Petitioner-Appellant,

v.

Hon. C. Archie CLEMENT, Judge of County Court, Pinellas County, Florida, Respondent-Appellee.

No. 75–4189.

United States Court of Appeals, Fifth Circuit.

Jan. 10, 1977.

Robert E. Jagger, Public Defender, Sixth Judicial Circuit, Michael C. Cheek, Asst. Public Defender, Clearwater, Fla., for petitioner-appellant.

James T. Russell, State Atty., George E. Tragos, Ass't State Atty., Clearwater, Fla., for respondent-appellee.

Before BROWN, Chief Judge, and TUTTLE and TJOFLAT, Circuit Judges.

PER CURIAM:

Appellant was arrested July 28, 1975 and charged with the offense of "night prowling." Convicted after jury trial on September 17, 1975, he filed a petition for habeas corpus in the District Court of the Middle

District of Florida. He contended that Florida Statute 856.021, the "loitering or prowling" statute was unconstitutional. The exhaustion requirement was thought to be obviated by the fact that the state Supreme Court had already upheld the constitutionality of the statute.

■ The relevant section forbids any person:

> "to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity."

The appellant, without making any effort to rely upon the actual facts that occurred during his trial, simply seeks to attack the constitutionality of this statute for vagueness and overbreadth by means of a petition for habeas corpus. That habeas corpus is a peculiarly unsatisfactory means for attacking a statute on the ground of facial unconstitutionality is demonstrated by this case. The Florida Supreme Court in *State v. Ecker*, 311 So.2d 104 (Fla.1975) has already given this law a somewhat narrowed construction. That Court held that "the circumstances warrant(ing) alarm" are "those circumstances where peace and order are threatened or where the safety of persons or property is jeopardized." The Court also said that for an arrest to be permissible under the statute the "officer must be able to point to specific and articulable facts . . . [and] inferences [which] . . .

reasonably warrant," *quoting Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968) a finding that a breach of the peace is imminent or the public's safety is threatened."

■ As indicated, it cannot be ascertained from the record in this case, whether the state court conviction was based upon proof of facts that would have fully met the standard prescribed by the Florida Supreme Court in *Ecker*. A direct appeal from the conviction to the state Supreme Court would, of course, have resolved that issue. Moreover, if it be argued that even the standard now prescribed by the Florida Court in *Ecker* is too broad or vague to put a person on notice of forbidden conduct, this Court cannot assume that an appeal from the conviction in the state court, which conviction must have been based upon discrete facts proven, would not receive proper attention from the highest state court.[1]

The judgment is AFFIRMED.

---

1. A significant answer to the argument that an appeal to a state court on such a question as this would be useless appears from the recent action by the Florida Supreme Court in *Spears v. State*, 337 So.2d 977 (Fla.Sup.Ct., 1976). In *Spears* the Supreme Court overruled its own recent decision in *Jones v. State*, 293 So.2d 33 (1974), thus showing the readiness of that Court to deal appropriately with the changing concepts of laws that might be subject to the complaint that they do not adequately set forth a standard or boundary between prohibited and permissible conduct.