351 So.2d 10 (1977)
George JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 47513.
Supreme Court of Florida.
June 9, 1977.
Rehearing Denied October 17, 1977.
*11 David A. Demers of the Law Offices of Robert W. Pope, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
HATCHETT, Justice.
Appellant was charged with five violations of Florida's obscenity statute, Section 847.011, Florida Statutes, in that he knowingly sold or offered for sale certain magazines containing obscene, lewd, lascivious, filthy, indecent, sadistic, or masochistic material. Appellant moved to dismiss the charges on the ground that Section 847.011, Florida Statutes, is unconstitutional. Motion was denied. We have jurisdiction.[*]
It is by now well established that obscenity is not protected by the First and Fourteenth Amendments and is subject to limited regulation under the police power of the states. Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). The problem arises in trying to determine what is or is not obscene. In Rhodes v. State, 283 So.2d 351 (Fla. 1973), we expressly adopted the Miller test of obscenity, to wit: Obscenity is:
"(a) Patently offensive representations or descriptions of ultimate sex acts, normal or perverted, actual or simulated. (or)
"`(b) Patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals', where such material, taken as a whole, when viewed by the average person applying contemporary community standards, appeals to the prurient interest and lacks serious literary, artistic, political, or scientific value)."
We later determined that the applicable community standard is the local county standard. Davison v. State, 288 So.2d 483 (Fla. 1973). This formulation permits maximum protection of materials acceptable in cosmopolitan areas while not forcing more conservative areas to accept public depiction of conduct they find obscene. Section 847.011, Florida Statutes, viewed in light of the judicial definitions above, penalizes no more than that which may be constitutionally proscribed. We therefore reject appellant's argument that the statute is overly broad.
The state candidly admits that four of the five magazines involved in the charge are not patently offensive under the Miller/Rhodes guidelines. Consequently, we reverse the convictions on Counts II, III, IV, and V.
The fifth magazine, Climax, # 59086-0, Nov. 1974 issue, Vol. 20, No. # 11, taken as a whole, is patently offensive in its depiction of ultimate sexual acts. The Hamilton County jury found that the magazine appeals to the prurient interest and lacks serious literary, artistic, or scientific value. The facts are sufficient to support such a finding.
We also hold that the facts are sufficient to support a finding that appellant "knowingly" sold the obscene publication. The state was not required to prove that appellant knew the magazine was "legally" obscene. It was only necessary to prove *12 that he knew the nature or content of the material. In Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), the Court stated:
It is constitutionally sufficient that the prosecution show that a defendant had knowledge of the contents of the materials he distributed, and that he knew the character and nature of the materials. To require proof of a defendant's knowledge of the legal status of the materials would permit the defendant to avoid prosecution by simply claiming that he had not brushed up on the law... . 418 U.S. at 123, 94 S.Ct. at 2911.
Testimony revealed that appellant leafed through the magazine and pronounced it "filthy." This was enough.
We reject appellant's argument that the charging information was legally insufficient. The information tracked the language of the statutes and specifically named the publications involved in the prosecution. This was sufficient to put appellant on notice and prevent double jeopardy. Vannoy v. State, 94 Fla. 1175, 115 So. 510 (1928).
We also reject the argument that the prosecutor improperly elicited testimony indicating that the magazines were within the reach of children. The location of the magazines was relevant to scienter and any possible prejudice resulting from the testimony was cured by appropriate instructions to the jury.
Appellant also challenges certain remarks made by the prosecutor during closing argument to the effect that the attorney for the defense sought to make a mockery of Hamilton County. These comments, though ill advised, were not so prejudicial as to require a mistrial.
We disagree with appellant's assertion that the trial court erred in denying his motion for change of venue. An application for change of venue is addressed to the sound discretion of the trial court, and the trial court's decision will ordinarily be upheld unless there is a showing of palpable abuse of discretion. Hawkins v. State, 206 So.2d 5 (Fla. 1968).
Appellant's argument that the law was enforced by religious agents in violation of the Establishment Clause of the United States Constitution and Article I, Section 3 of the Florida Constitution is wholly without merit. The fact that religious leaders of the community encouraged the prosecution and/or appeared as witnesses for the state is irrelevant.
Appellant's contention that Section 847.011, Florida Statutes, is unconstitutional by virtue of the fact that it provides for a penalty of imprisonment for up to one year and a $1,000 fine in violation of the Cruel and Unusual Punishment provisions of the Eighth and Fourteenth Amendments to the United States Constitution is also without merit.
Appellant's final point involves an attack on the "seizure" of the magazines involved in the prosecution. It is his contention that a prior judicial determination of obscenity was required before the publications could be confiscated. The principle is sound but irrelevant. The magazines in this case were neither seized nor confiscated. They were voluntarily bought and sold in the ordinary course of business.
Accordingly, the judgment is reversed in part and affirmed in part and the cause remanded to the County Court in and for Hamilton County for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, C.J., and BOYD, SUNDBERG and KARL, JJ., concur.
ADKINS and ENGLAND, JJ., dissent with opinions.
ADKINS, Justice, dissenting in part.
I concur in that portion of the opinion which reverses in part the judgment of the lower court and dissent from that portion of the opinion which affirms in part the judgment of the trial court.
At a meeting of a ministerial association the participants agreed to go to a store for *13 the specific purpose of removing certain written material. Their motives were good, as it was their responsibility to do everything necessary to maintain high moral standards in the community.
The magazine "Climax" was examined. Just as the sculpture "Bound Slave" by Michelangelo, and "David with the Head of Goliath" by Donatello, the magazine contained pictures of men with their genitals completely exposed. Just as Rembrandt's "Danae," the magazine contained pictures of a nude female stretched out in a sensuous position. Just as the movie "Carnal Knowledge," recently declared not to be obscene in Jenkins v. Georgia, 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 642 (1974), the magazine contained pictures which implied the act of sexual intercourse.
Granted, the magazine lacked serious literary, artistic, or scientific value, but this alone does not bring it within the rule prohibiting certain publications.
The next criteria to be considered is whether the magazine "appeals to the prurient interest." This criteria is so vague and uncertain that no person could determine whether the magazine is obscene or permissible. A person's guilt or innocence rests upon the philosophy of the individuals constituting the jury, not the facts in the case.
The time has come when we should assume the responsibility of determining the standards under our State constitution which should be applied in the various communities and still safeguard First Amendment rights under the United States Constitution. First Amendment rights should not vary from county to county, nor should an identical set of facts violate the criminal laws in one county and be permissible in another.
The prosecution was based on Section 847.011, Florida Statutes, prohibiting certain acts in connection with obscene material. During the progress of the trial the witnesses were allowed to testify as to certain matters relating to Section 847.013, Florida Statutes, which penalizes the act of exposing minors to harmful "motion pictures, exhibitions, shows, presentations, or representations." The testimony relating to the exposure to minors was highly prejudicial and reversible error.
The judgment of conviction should be reversed.
ENGLAND, Justice, dissenting.
Based on appellant's second motion to dismiss the information against him which alleged, among several other contentions, the constitutional infirmity of Section 847.011, the Hamilton County Court ruled:
"This cause came before the Court for hearing on March 20, 1975, upon Defendant's Second Motion to Dismiss, and the Court having considered the same, together with agreement of Counsel thereon, it is
ORDERED That Defendant's Second Motion to Dismiss is denied."
This order obviously did not expressly "construe" a provision of the Florida or United States Constitution.[1] The trial judge simply applied recent precedents which were binding on him. In fact, appellant's brief to us contains this acknowledgement:
"This Court has rendered a number of decisions upholding the constitutional efficacy of Florida Statute 847.011. Those cases include Rhodes v. State, 283 So.2d 351 (Fla. 1973); State v. Papp, 298 So.2d 374 (Fla. 1974); Bucolo v. State, 303 So.2d 329 (Fla. 1974), reversed (per curiam), 421 U.S. 927, 95 S.Ct. 1651, 44 L.Ed.2d 84 (1975), confirmed 316 So.2d 551 (Fla. 1975)."
It is obvious that appellant has no colorable basis on which to bring his appeal here. The constitutionality of this statute had been determined, and the only issue that can be reasonably raised at this point is whether the statute, as we have construed it, has been violated. Indeed, that is the real issue raised here under the guise of an attack against the constitutionality of the statute. It should require more to confer *14 jurisdiction here than counsel's assertion that there exists in the case a constitutional point which has recently been resolved by this Court.
As I have pointed out previously[2], the judicial article of the Constitution becomes distorted if frivolous or insubstantial constitutional questions can be raised by litigants simply to by-pass the district courts of appeal. We are not powerless to prevent this practice,[3] and I oppose the majority's willing abdication to counsel of its role in confining the Constitution to its intended purpose. This case should be transferred to the Third Circuit Court in and for Hamilton County.
NOTES
[*] Article V, Section 3(b)(1), Florida Constitution.
[1] Rojas v. State, 288 So.2d 234 (Fla. 1974).
[2] Jordan v. State, 334 So.2d 589, 593 (Fla. 1976) (dissent).
[3] Evans v. Carroll, 104 So.2d 375 (Fla. 1958).