250 So.2d 294 (1971)
Harold Edwin EASTON, Appellant,
v.
STATE of Florida, Appellee.
No. 70-372.
District Court of Appeal of Florida, Second District.
July 16, 1971.
Raymond E. LaPorte, of Ragano & LaPorte, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and P.A. Pacyna, Asst. Atty. Gen., Lakeland, for appellee.
McNULTY, Judge.
This appeal is from a conviction on each count of a six-count information charging violations of the Florida Securities Law, Ch. 517, F.S.A. Counts one, three and five alleged the unlawful sale by appellant of unregistered securities on January 29, 1969, February 8, 1969 and November 20, 1968, respectively. Counts two, four and six charged that appellant did unlawfully "engage in business as a dealer," without being registered as such dealer, on each of the above dates. He was sentenced to two years on each of the six counts, to run consecutively.
Appellant urges reversible error in both the conviction and the sentencing, but upon examination of the arguments with respect to the convictions we find them to be without merit. Reversible error does appear, however, in the imposition of the six sentences.
It is patent from the informations and the evidence at trial that each charge of unlawful sale was coupled with a companion charge of unlawfully engaging in business. It is also apparent that each such pair of charges arose from the one transaction. Put another way, the only evidence of "engaging in business" without registration, on any given date charged, was the charged unlawful sale of securities on that date. Thus, each of counts one and *295 two constitute a facet of one transaction; and the identical pairing may be made of counts three and four and of five and six, making three transactions in all.
Now, while each count charges a different "offense," it is well settled that "[i]n Florida, where an information contains more than one count, but each is a facet or phase of the same transaction, only one sentence may be imposed * * *."[1] That is to say, a single transaction may violate two statutes and thus constitute two separate offenses; but, while convictions may be had on each, only one sentence is appropriate. In this case, therefore, it was error to impose more than one sentence for the same transaction on each of the three specified dates.
Accordingly, the judgments and convictions are affirmed, but the sentences are vacated and the cause is remanded with directions that the appellant be presented to the trial court and properly sentenced in accord herewith.
Affirmed in part; reversed in part.
PIERCE, C.J., and LILES, J., concur.
NOTES
[1] Yost v. State (Fla.App. 1971), 243 So.2d 469, 471. See, also, Williams v. State (Fla. 1953), 69 So.2d 766.