BOARDMAN, Judge.
Appellants, Elmo Leroy Purdin and Pasquale Gerald Salvatore, were charged in separate informations, consisting of two counts, with the crime of conspiracy to utter a forged instrument in violation of Section 833.04, Flordia Statutes, F.S.A. Appellants pled not guilty, were tried jointly by a jury, and found to be guilty as charged. The trial court sentenced each appellant to serve two and one half years, then the maximum,[1] in state prison on each count of the information, the sentences to run consecutively. Appellants timely filed this appeal.
Since these offenses are but two facets of a single transaction, we believe that the case should be remanded on authority of Cone v. State, Fla.1973, (Case No. 42,760, opinion filed March 7, 1973, not yet reported), and Easton v. State, Fla.App.1971, 250 So.2d 294, to eliminate one of the sentences against each appellant.
Lest there be any doubt as to our position, the sentence imposed by the trial court of two and one half years in the state prison on either count one or count two against each appellant is hereby affirmed.
We have considered and, therefore, have not overlooked the several other points presented by each appellant and hold that no reversible error has been demonstrated nor misapplication of law shown.
Appellant, Elmo Leroy Purdin, contends that he was denied due process of law for the reason that the record indicates the likelihood that a deal was made between the state and its chief witness who *55 was charged in a two-count information with the same crime as were appellants and that the state dismissed said information. During oral argument, counsel for Purdin candidly advised the court that said question properly should be presented under RCrP 3.850, 33 F.S.A. Our ruling here in no way prevents him from so doing.
Accordingly, the cause is remanded to the trial court for further proceedings consistent herewith.
It is so ordered.
MANN, C. J., and McNULTY, J. concur.

. Florida Statutes, Section 833.04, F.S.A., was amended, effective January 1, 1972, and now carries a five-year maximum.