316 So.2d 543 (1975)
Joseph George FONTANA and David M. Crichten, Appellants,
v.
STATE of Florida, Appellee.
No. 41937.
Supreme Court of Florida.
July 9, 1975.
*544 Joel Hirschhorn, Miami, for appellants.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
BOYD, Justice.
An information was filed against Appellants on March 18, 1970, and they were each convicted by a jury in the Magistrate's Court of Hillsborough County on six counts of violation of Section 847.011, Florida Statutes, in the sale of obscene magazines. Appellants were each fined $1,000.00 and sentenced to serve three months in the Hillsborough County jail. Appellants appealed to the Hillsborough County Circuit Court from an order denying both a motion in arrest of judgment and a motion for new trial. Thereafter, the Appellee moved to dismiss the appeal on several grounds, one of which was lack of jurisdiction because the trial court passed on the constitutionality of Section 847.011, Florida Statutes. The Hillsborough County Circuit Court denied the motion to dismiss on three grounds but treated the jurisdictional ground as a motion to transfer under Rule 2.1 subd. a(5)(d), Florida Appellate Rules; the court then granted the motion and transferred the cause to this Court.[1]
We recognize that the federal Supreme Court in Hamling v. United States[2] once again applied retrospectively the standards established in Miller v. California[3] to federal statutes, while in Jenkins v. Georgia,[4] that Court announced the rule that defendants whose convictions were on direct appeal at the time of the Miller decision should receive any benefit available to them thereunder, making no distinction between federal and state convictions for distributing obscenity.
The first Miller standard was initially enunciated in Roth v. United States[5] and was reaffirmed in the "Memoirs" opinion;[6] that standard is whether the average person, applying contemporary community standards, would find that, when taken as a whole, the magazines appeal to the prurient interest. The second standard of obscenity as required in Miller and previously established in "Memoirs" is whether the magazines depicted or described, in a patently offensive way, sexual conduct specifically defined by the applicable state law, as written or construed (in the instant case Section 847.011, Florida Statutes). The third and final standard established by Miller is whether the magazines, each taken as a whole, lack serious literary, artistic, political or scientific value. In passing, we note that Miller has rejected as a constitutional standard the "Memoirs" test of "utterly without redeeming social value."
*545 Accordingly, in view of the recent opinions of the United States Supreme Court in Hamling and in Jenkins, supra, the judgment of the trial court is reversed and remanded for further proceedings in which the Miller standards, as reviewed briefly above, may be applied.
It is so ordered.
ADKINS, C.J., and ROBERTS, McCAIN, OVERTON and ENGLAND, JJ., concur.
NOTES
[1] Article V, Section 3(b)(1), Florida Constitution.
[2] 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).
[3] 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).
[4] 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 642 (1974).
[5] 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1959).
[6] A Book Named "John Cleland's Memories of a Woman of Pleasure" v. Attorney General, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966).