PER CURIAM.
This cause was transferred to us by the Fourth District Court of Appeal pursuant to the provisions of Florida Appellate Rule 2.1, subd. a(5)(d), after an examination of the record' revealed that the trial court entered an order initially and directly passing upon the validity of a State statute.[1] Ac-, cordingly, we have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution.
Appellant was charged by information with three separate counts of sale of obscene materials in violation of Florida Statute Section 847.011. The offenses allegedly occurred during the months of April and May of 1972. A jury found appellant guilty of all three offenses on June 9, 1972. This appeal seeks a reversal of those convictions based, inter alia, upon a challenge to the constitutionality of Florida Statute Section 847.011.
From the above dates, it is evident that this is another conviction that was pending at the time the United States Supreme *546 Court decided Miller v. California.[2] Thus, in light of Hamling v. United States[3] and Jenkins v. Georgia,[4] appellant must be accorded any benefits of the Miller decision.
Accordingly, in view of these decisions and in light of our recent holding in Fon-tana v. State,[5] this cause is reversed and remanded to the trial court for further proceedings in which the standards established in Miller, supra, can be applied.
It is so ordered.
ADKINS, C. J., and ROBERTS, Mc-CAIN, OVERTON and ENGLAND, JJ., concur.

. As grounds for a motion to dismiss, the appellant contended that the statute was unconstitutional on its face and unconstitutional as applied to appellant. The trial court denied the motion.

. 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

. 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

. 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 642 (1974).

. Fla., 316 So.2d 543, opinion filed July 9, 1975.