BOARDMAN, Judge.
Appellant, Julian Caplan, was charged by-information with having in his possession with intent to show an obscene film, showing an obscene film, advertising an obscene film and hiring another to assist in showing an obscene film in violation of Florida Statutes, Section 847.011(1) (a), (1969), (Case No. 71-846). All counts arose from the showing of the film “Little Sisters” on October 8, 1970. A second information charged the same four offenses occurring, on October 7, 1970 (Case No. 71-847). On April 23, 1971, appellant was charged with hiring or permitting another person to show the obscene film, “Continuing Adventures of Johnny Gonad” (Case No. 71-848). After a jury trial, appellant was convicted of all eight counts in Case No. 71-846 and Case No. 71-847. In a non-jury trial, on November IS, 1971, appellant was found guilty in Case No. 71-848.
Appellant first contends that at the time of his alleged violations on October 7 and 8, 1970, Chapter 847, Florida Statutes, was unconstitutionally vague. This contention is without merit. See State v. Papp, Fla.1974, 298 So.2d 374. Likewise, appellant’s contention that comments made by the prosecution in its closing argument to the jury had the effect of commenting on his failure to testify is without merit.
Appellant argues that it was improper to convict him of identical offenses committed on consecutive days since his offense was a single, continuous violation of Chapter 847, supra. We disagree. Section 847.011(4), supra, provides in pertinent part:
Every act, thing, or transaction forbidden by this section shall constitute a separate offense ....
Therefore, separate convictions under the statute for crimes committed on consecutive days were proper.
There is no.indication in the record that sentences have been imposed. Thus the question of dual punishment for different facets of the same crime is not presented here. However, we are certain that the trial court is fully aware of Yost v. State, Fla.App.3d, 1971, 243 So.2d 469, and will impose sentences in accordance with that decision. See also Easton v. State, Fla.App.2d 1971, 250 So.2d 294.
However, the two convictions for advertising the same film are improper. The record indicates that appellant purchased and paid for a weekly advertisement which appeared in the “St. Peters-burg Times.” Both dates in question were included within the particular billing period. Thus, while there was a continuing newspaper advertisement appearing on both October 7 and 8, appellant’s offense consisted of a single act of procuring the advertisement. Therefore, we vacate the judgment of conviction of .advertising an obscene film in Case No. 71-846.
Appellant also alleges that the trial court erred in denying his motion for discharge, pursuant to RCrP 3.191, of Case No. 71-848. The record indicates that appellant went to trial after the 90-day misdemeanor time limit had already run. The record contains only appellant’s motion to discharge and a minute book entry indicating that argument was heard on the motion and the motion denied.
In view of the delay and the silent record, Case No. 71-848 is hereby remanded with directions for the trial court to hold an evidentiary hearing to determine whether appellant was denied his right to a speedy trial under RCrP 3.191. Should the court decide that appellant’s speedy trial rights were violated, it should vacate the judgment and discharge appellant. A copy of the order should be sent to this court and the state would have a right to file a new appeal from that order. If the trial judge should determine that appellant’s speedy trial rights were not violated, he should enter an order setting forth his findings in support of this conclusion. *857 This order, together with the record of the hearing, should then be transmitted to this court for review of its legal sufficiency.
Case No. 71-847 is affirmed. Case No. 71-846 is affirmed as modified. Case No. 71-848 is remanded with directions.
McNULTY, C. J., and GRIMES, J., concur.