SUNDBERG, Justice.
Petitioner was convicted in the Civil and Criminal Court of Record in and for Pinel-las County of violating Section 847.-011(l)(a), Florida Statutes (1975), which proscribes, inter alia, possession with intent to show, advertising, hiring another to assist in showing, and showing an obscene film. The Second District Court of Appeal, 317 So.2d 855 affirmed one of the convictions (Case No. 71-847), affirmed another as modified (Case No. 71-846), and remanded a third case (Case No. 71-848) with directions to the trial court to determine whether petitioner’s right to á speedy trial under Florida Rule of Criminal Procedure 3.191 had been violated. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
In petitioner’s 1971 trial on the two cases in which the judgments of conviction were affirmed by the District Court of Appeal, the jury was charged on the Roth-Memoirs,[1] rather than the subsequently enunciated Miller,[2] standard:
“[YJou are instructed that under the law obscenity is defined by the following three tests: Number one, that to the average person the dominant theme of the material taken as a whole appeals to a prurient interest in sex; number two, that the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; number three, that the material is utterly without redeeming social value.”
Respondent concedes that petitioner must be given the benefit of the Miller test under the principle of limited retrospective application of that decision which was enunciated by the United States Supreme Court in Jenkins v. Georgia, 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 642 (1974), and Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). See Fontana v. State, 316 So.2d 543 (Fla.1975); Law v. State, 316 So.2d 545 (Fla.1975). The State argues that the proper procedural method for petitioner to demonstrate that application of the Miller standard would alter the judgment of the trial court is through filing a motion to vacate under Rule 3.850, Fla.R.Crim.P. However, in this case, where the jury was specifically charged on the now discredited Roth-Memoirs standard, we do not see how petitioner’s guilt or innocence can be ascertained under the correct rule of law without a new trial. Therefore, consistent with our decision in Fontana arid Law, supra, we remand this ease to the Pinellas County Court[3] for a new trial at which the jury will be charged in accordance with the standard for obscenity laid down by the Supreme Court of the United States in Miller v. California, supra.
The writ is granted, and the decision of the District Court of Appeal as it relates to cases numbered 71-847 and 71-846 is quashed with directions to remand this cause to the trial court for further proceedings not inconsistent herewith.
ROBERTS, Acting C. J., and ADKINS, BOYD and HATCHETT, JJ., concur.

. See A Book Named “John Cleland’s Memoirs of a Woman of Pleasure” v. Attorney General, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966); Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1959).

. Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

.Since the trial of this cause the Civil and Criminal Court of Record in and for Pinellas County has been abolished through adoption of the amendment of Art. V, Fla.Const., in 1972. Jurisdiction of the offenses charged is now vested in the County Court of Pinellas County.